In the matter of the estate of JOHN P. PIERCE, deceased.

[Submitted June 4th, 1918.   Decided June 21st, 1918.]

On appeal from an assessment of inheritance tax, testimony will not be let in to revise the appraisement. Motion for that purpose may be made to the comptroller and from his refusal an appeal lies.

---

On appeal from an assessment of the comptroller of the treasury.

*Mr. Gilbert Collins* and *Mr. J. Stanley Griffin,* for the appellants.

*Mr. Herbert W. Boggs,* assistant attorney-general, for the state.

BACKES, VICE-ORDINARY.

This appeal is from an assessment of an inheritance tax upon the succession of a foreign decedent's estate and in respect of so much as attacks the refusal of reduction in the appraisal to the extent of the federal war tax of September 8th, 1916, public laws, vol. 39, p. 777, amended 1917, *Ibid.* 1002, is controlled by "Estate of Ferdinand W. Roebling," and the deduction will be allowed.

An appeal was also taken from an appraisement at $280 per share of fifteen thousand nine hundred and sixty-one shares of the common capital stock of the American Radiator Company,

on the ground that it was excessive. At the hearing on the appeal, testimony was offered of elements of value which had not been previously submitted to the comptroller, and thereupon the assessment was remanded for further consideration by him. The additional factors moved the comptroller to reduce the appraisement to $260 per share and to revise the assessment accordingly, and by agreement the appeal stands against the assessment as revised. It is not the duty nor the privilege of this court, on appeal, to weigh the evidence or to substitute its judgment, as to values, for that of the comptroller, and assessments will be upheld if legal principles have been correctly applied and the appraisement is supported by the evidence. The presumption is in favor of the correctness of the assessment, and the burden is upon the appellant to point out and establish wherein it is wrong, and as the valuation, fixed by the comptroller, is amply sustained by the proofs, it is affirmed.

The practice which has grown up of introducing testimony, on appeal, on questions of values, is indefensible, and unfair to the comptroller. Jurisdiction is broadly conferred upon the court "to hear and determine all questions in relation to any tax levied under the provisions of this act," but it certainly was not the intention of the legislature to burden the court with the labor of appraising estates *de novo*. That function is committed to the comptroller, and on appeal his judgment is to be reviewed in the light of the facts upon which it is founded. Hereafter, appeals will be heard upon the record made before that official and certified to the court. Applications to open and revise assessments, and for that purpose to let in additional testimony, will be made to the comptroller, and from his refusal an appeal may be taken.

The assessment will be corrected as indicated.