In the matter of the transfer inheritance tax assessed by the state comptroller on the estate of FERDINAND W. ROEBLING, deceased.

[Decided November 18th, 1919.]

1. The act of April 20th, 1909 (*P. L. 1909 p. 325*), provides for the imposition of a tax upon the transfer of the estates of decedents, and does not merely regulate the procedure to be followed in the settlement of such estates.

2. The legislature cannot, by the exercise of its power to create statutory agencies as tribunals to review the action of taxing authorities, destroy the right of review resting in the supreme court in matters of taxation by designating as such agency a court of superior jurisdiction whose judgments or decrees rendered in the performance of its ordinary judicial functions are reviewable only by appeal to the court of errors and appeals.

3. An appeal to the court of errors and appeals will not lie from a decree of the ordinary setting aside *pro tanto* an assessment of a transfer tax, such decree being reviewable only in the supreme court by *certiorari*.

On appeal from a decree of the ordinary. On motion to dismiss appeal.

*Mr. John R. Hardin*, for the appellants.

*Mr. Scott Scammell, Mr. Charles Besore* and *Herbert Noble* (of the New York bar), for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The appeal in this case was taken from a decree of the ordinary setting aside, *pro tanto*, the assessment of a transfer tax laid by the comptroller of the state treasury upon the estate of Ferdinand W. Roebling, deceased, who, at the time of his death, in March, 1917, was a resident of the state.

Our act to tax the transfer of property of resident and non-resident decedents (*P. L. 1909 p. 325*), after enacting in section

1 that a tax should be imposed upon the transfer of any property, real or personal, of resident and non-resident decedents in certain cases, provides in section 18 that the comptroller of the treasury shall assess and fix the cash value of the property of persons whose estates shall be liable to the payment of the tax, and levy the tax to which the same is liable.

The section then provides that any person or corporation dissatisfied with the appraisement or assessment may appeal to the ordinary of this state, and the twentieth section vests the ordinary with jurisdiction to hear and determine all questions in relation to any tax so levied.

In the present case, the comptroller of the treasury having assessed and levied a transfer tax upon the Roebling estate, the parties interested therein appealed to the ordinary, who, as has been already stated, reduced the tax so assessed and levied. The state comptroller thereupon took this appeal from the decree of the ordinary, and the question to be determined is whether an appeal will lie directly to this court.

That the legislative purpose exhibited by the statute is to provide the imposition of a *tax* upon the transfer of the estates of decedents, and not merely to regulate the procedure to be followed in the settlement of such estates, a matter cognizable by the ordinary, irrespective of the statute (as was suggested by counsel at the argument), we have no doubt. Mr. Cooley, in his work on *Taxation,* accurately defines taxes as the enforced proportional contribution of persons and property, levied by the authority of the state, for the support of government, and for all public needs. The present impost comes within the definition. It is an enforced contribution; it is levied for the use of the state; and it imposes a common burden upon all of the class of persons embraced in the statutory scheme, *i. e.,* all transferees of the estates of decedents. But a discussion of this point seems hardly necessary. The constitution of the state requires the legislature to express, in the title of every statute, the object of the enactment, and the object *expressed* in the present statute is *"to tax the transfer* of property of resident and non-resident decedents."

In the case of *Dufford* v. *Decue, 31 N. J. Law 302*, the supreme court, in an opinion by Chief-Justice Beasley, after pointing out that the power to review the action of statutory agencies, created for the purpose of assessing and levying taxes, was vested in the supreme court by the constitution, held that the court could not be deprived of that power by legislative enactment, or compelled to share it with any other tribunal. In the later case of *Flanagan* v. *Plainfield, 44 N. J. Law 118, 124*, it is said that, although the legislature cannot deprive the court of this power, it may create statutory agencies as tribunals to review the action of taxing authorities, for the reason that the action of these reviewing agencies may in turn be passed upon by the supreme court under its *certiorari* power, and that in doing so, that tribunal necessarily considers the validity of the original assessment and levy. It is, of course, conceded that in providing such intermediate tribunal it is open to the legislature either to create an agency for the purpose or, in its wisdom, to select an existing agency, either administrative or judicial, and vest in it the power of original review. But it cannot, by the exercise of this power, destroy the right of review resting in the supreme court in matters of taxation by designating as such agency a court of superior jurisdiction whose judgments or decrees rendered in the performance of its ordinary judicial functions are reviewable only by this court. *In re Prudential Insurance Co., 82 N. J. Eq. 335.*

It seems proper to add that we find nothing in the statute of 1909 to indicate a purpose on the part of the legislature to interfere with the power of review vested in the supreme court. The mere fact that it saw fit to designate the ordinary as the agency to pass upon the action of the state comptroller in assessing and levying the tax does not suggest such a purpose, particularly in view of the failure of the legislature to specify the method of reviewing the action of that judicial officer, and the knowledge of that body (which is to be imputed to them) that an attempt to transfer the power of review directly to this court would be in violation of one of the constitutional prerogatives of the supreme court.

On the argument of the cause counsel called our attention to four cases in each of which the order of the ordinary, passing on the validity of a transfer tax assessed by the state comptroller, was removed by appeal directly to this court, and that order either affirmed or reversed by us; and contended that these cases by implication determined that a party aggrieved by the order of the ordinary was entitled to appeal directly to this court. The cases referred to are *In re Vineland Historical Society, 67 N. J. Eq. 730; In re Rothchild's Estate, 72 N. J. Eq. 425; In re Jones Estate, 74 N. J. Eq. 447; Astor v. State, 75 N. J. Eq. 303.* In the latter case there was a reversal but no opinion was rendered by us. In the *Vineland Case* there was an affirmance by a divided court, and, of course, no opinion was delivered. In each of the other two cases there was an affirmance on the opinion below. It seems clear to us from what has been said that the question of jurisdiction was neither mooted on the argument nor considered later by the court; for, it can hardly be conceived that a matter so vital as the power of the legislature to strip the supreme court of one of its most important functions would have been passed over without a word indicative of the view of this court on the subject. The only explanation is, that none of the astute counsel who argued these cases, and none of the members of the court as it was constituted at the time of the various arguments, perceived that the question of our jurisdiction was involved in the decisions, and that the court proceeded to the consideration of the causes without giving thought to so important a matter. In this situation we have no hesitation in declaring that our prior action provides no precedent which should be considered as controlling by us in the present case.

The case before us involving, as it does, a matter of taxation, is reviewable by *certiorari* only, notwithstanding the fact that the legislative agency created for the purpose of a primary review of the action of the tax assessor is a court of record whose orders and decrees ordinarily are reviewable only by an appeal to this court.

The motion to dismiss must prevail.