PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSEFINA FABIÁN FINLAY ET AL., ETC., Defendants and Appellants.

No. 6549. Argued May 7, 1934.—Decided July 28, 1934.

*Hugh R. Francis* for appellants. *Benjamin J. Horton, Attorney General* and *Emilio de Aldrey, Assistant Attorney General* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

This is an action brought by The People of Puerto Rico against Josefina Fabián Finlay and Segundo Lozana Cepa to recover the sum of $43,061.96 as inheritance taxes. It is alleged in the complaint that Rafael Fabián Fabián prior to the month of July, 1930, was the owner of certain properties which are divided into several items, a value being fixed for the property described in each item. The total value of these properties amount to $1,025,288.51. Rafael Fabián Fabián, the owner of the properties described in the complaint, died on July 3, 1930. In his will executed in Madrid before a notary he designated as his sole and universal heir his legitimate daughter Josefina Fabián Finlay, one of the defendants herein, the other defendant being Segundo Lozana Cepa, whom the predecessor in interest, Rafael Fabián Fabián, appointed in his will as his testamentary executor. Defendant Josefina Fabián Finlay accepted the inheritance from her decedent and the executor, Segundo Lozana Cepa, took charge of the estate, both of them assuming the responsibilities of their predecessor Rafael Fabián Fabián.

On June 8, 1931, the Treasurer of Puerto Rico proceeded to assess the properties described in the complaint for the purpose of imposing the inheritance taxes pursuant to Section 2 of Act No. 99 approved by the Legislature of Puerto Rico on August 29, 1925, and appraised them at $1,025,288.51. Notice of this assessment was served on July 8, 1931, on defendant Segundo Lozana Cepa as executor of Rafael Fabián Fabián, but no appeal whatever was taken from the assessment made by the Treasurer of Puerto Rico. The defendants failed to pay the inheritance tax levied against them amounting to the sum of $43,061.96. This action has been instituted for the recovery of that sum.

The above are the facts alleged in the complaint, which as averred by the appellants are not sufficient to establish a cause of action. The defendants failed to make any allega-

tion in the lower court in support of their demurrer of lack of facts, which was overruled on June 30, 1932, said defendants having been granted ten days to file an answer. Application was made for two extensions of fifteen days, which elapsed without the filing of any answer and on December 23, 1932, that is almost six months after the dismissal of the demurrers, the plaintiff moved for the entry of the default. The case was heard on January 5, 1933, and judgment rendered against defendants, who basing their appeal on the claim of lack of facts, maintain:

"1. That the District Court erred in dismissing the demurrers filed in the case at bar on the ground that the complaint did not state facts sufficient to constitute a cause of action.

"2. That the District Court erred in holding that the valuation of each of the items making up the assets of the estate is the assessment referred to in Section 6 of Act No. 99, approved on August 29, 1925.

"3. That the District Court erred in not holding that the complaint, in order to state facts sufficient to constitute a cause of action, should have to set forth the assessment of the net value of the estate, that is the net value of all the properties after making the proper deductions therefrom, to wit, the difference between the assets and the liabilities of the estate, on which net value the calculation of the amount of the inheritance tax is automatic.

"4. That the District Court erred in failing to hold that the complaint does not contain facts sufficient for the assessment of a tax amounting to $43,061.96, or any other sum."

Although the errors attributed to the lower court are four, the issue is only one and may be discussed as if only one error had been assigned.

The appellants contend that no allegation is made in the complaint with regard to the assessment of the properties of the estate of Rafael Fabián Fabián nor is the net value of said properties specified. Assuming, as claimed by the appellants, that the value of the said properties must be determined after making the proper deductions, it does not appear *prima facie* from the complaint that the said properties have not been appraised in the manner indicated. On the con-

trary, there is the presumption that the transaction was correct and that the Treasurer personally and through his employees has complied with the provisions of the statute. Section 2 of Act No. 99, approved in 1925, to modify and extend the inheritance tax and for other purposes, specified the tax to be paid in each case and Section 5 thereof provides among other things that it shall be the duty of every administrator, executor or trustee, etc. to transmit to the Treasurer of Puerto Rico sixty days after the death of the decedent, whom he represents, a sworn notification of the death of said decedent, stating as nearly as possible the amount, valuation, description and location of the estate of the decedent.

Section 6 of the same Act, in force at the time of the death of Mr. Fabián and at the time the executor was notified of the assessment, provides that whenever necessary the value of all estates of the decedents shall be assessed by internal revenue agents, and whenever the services of expert accountants are required for the purpose of appraising the estates of decedents, the Treasurer is authorized to detail one or more of his employees for that purpose, who shall make a fair and proper appraisal of the estates of said decedents and who shall decide in accordance with Section 2 of the Act; and the result of such appraisal shall be reported to the Treasurer of Puerto Rico as well as to the administrators, executors and trustees of said estates. Section 7 provides that "within thirty days after the completion of said appraisal and assessment of taxes, any person or beneficiary affected thereby shall have the right to appeal therefrom to the District Court of the district within which the estate is located, on condition that such person or beneficiary has paid or has given security to pay, all costs, together with whatever tax may have been assessed upon the devisee, legacy, grant or inheritance; and the said district court shall proceed to determine the matter as speedily as possible."

The defendants failed to appeal from the appraisal and computation of the taxes, and now contend, in order to attack

the judgment appealed from, that the complaint does not contain any allegation of any assessment nor the net value of the properties of the estate of Rafael Fabián Fabián. From the dismissal of the demurrer until the entry of the default, the defendants had ample opportunity for establishing their defenses. If the assessment was erroneously made, they had time to answer the complaint and to allege it in their answer. The averments which in the opinion of the defendants should be made part of the complaint, if relevant, are matters of defense which could have been established in due time, if they wanted to avail themselves thereof.

The presumption is in favor of the correctness of the assessment, that it is fair and conscionable and that the appraisers were duly appointed and had performed their duties under the statute. 61 C.J. 1728.

In *In re Pierce's Estate,* 104 Atl. 298, 89 N. J. Eq. 171, wherein an appeal was taken from the assessment in a case of inheritance taxes, the court said:

"It is not the duty nor the privilege of this court, on appeal, to weigh the evidence, or to substitute its judgment as to values for that of the comptroller, and assessments will be upheld, if legal principles have been correctly applied and the appraisement is supported by the evidence. The presumption is in favor of the correctness of the assessment, and the burden is upon the appellant to point out and establish wherein it is wrong, and as the valuation fixed by the comptroller is amply sustained by the proofs it is affirmed."

It is the contention of the defendants that they have done their best to avoid the necessity of stating that this is a case in which very large interests of a taxpayer have been entirely neglected, referring thereby to the attorney which represented the said defendants in the court below. It is further stated that unfortunately in view of the action of The People of Puerto Rico through its officers of availing itself of the technicalities of the case and of refusing the appellants to go into the merits thereof, either from the administrative or

the judicial points of view, the said appellants have had to make a supreme effort to secure a reversal of the judgment and in having this case heard on its merits. Since the defendants to a certain extent adduced equitable grounds in their favor, possibly with the aim of having this case remanded to the court below for the sake of justice and for further proceedings, we shall take the liberty of transcribing the reasons on which the lower court based its judgments. The decision of the lower court is not challenged for its finding of facts, but because it rests on a complaint which does not state facts sufficient to constitute a cause of action. There is, consequently, the presumption that these facts are true and rest on the evidence. The court in its opinion in the case expresses itself as follows:

"Rafael Fabián Fabián died in the Auxilio Mutuo Hospital in Hato Rey, Río Piedras, on July 3, 1930, and left a will executed in Madrid, Spain, on March 12, 1930, before Notary Cándido Casanueva y Gorjón wherein he appointed as his sole and universal heir his legitimate daughter Josefina Fabián Finlay, married to Segundo Lozana Cepa. Further, this court so declared by an order of July 16, 1930, in the proceedings No. 12,803 instituted by the said lady.

"On August 25, 1930, Segundo Lozana Cepa, in his capacity as administrator, executor or the person legally authorized to administer the estate of the deceased, filed under oath with the Treasurer of Puerto Rico the proper death certificate in accordance with Section 372 of the Political Code of Puerto Rico, with a statement of the hereditary estate and its value, amounting to $873,010.51 and with deductions to be made therefrom amounting to $602,004.51.

"Josefina Fabián Finlay, assisted by and authorized by her husband Segundo Lozana Cepa by public deed executed on September 8th, 1930, before Notary Damián Monserrat y Simo, filed a statement of certain hereditary properties consisting of several estates and real rights for record in the registries of property, thus accepting the inheritance of Rafael Fabián Fabián and binding herself to pay the taxes. The properties thus declared amount, according to the assessment of the affiant, to $128,918.25.

"On July 8, 1931, the Bureau of Property Taxes of the Treasury Department made the liquidation of the estate left by Rafael Fabián Fabián with the description of the properties, their value and

assessment according to the assessment of the inheritance taxes amounting to $1,025,288.51, with deductions from the hereditary estate exemptions amounting to $271,006.00, the liquidated total of the property amounting to $754,282.51. After deduction was made of the amount of the exemption taxes were assessed in the sum of $43,061.96. The Treasurer notified Segundo Lozana Cepa on July 8, 1931, that taxes had been assessed with interest at the rate of 10 per cent per annum as from July 3, 1931. No appeal was taken from the assessment of the Treasurer and the levy of the taxes. The applicable law thereto is Section 2 of Act No. 99, approved August 28, 1925.

"On October 5, 1931, the Treasurer of Puerto Rico made demand upon the said taxpayer to pay forthwith the amount of the inheritance taxes on the estate left by the deceased Rafael Fabián Fabián, otherwise distraint proceedings would be instituted against her; and on October 9, 1931, Segundo Lozana Cepa replied and stated that steps were being taken to obtain cash and that they could not pay before June 30, 1932."

It is our opinion that the judgment appealed from must be affirmed.

Mr. Justice Wolf concurs in the result.

Mr. Justice Aldrey took no part in the decision of this case.