El Pueblo de Puerto Rico, demandante y apelado, *v.* Josefina Fabián y Finlay, y Secundino Lozana Cepa, como albaceas del extinto Rafael Fabián y Fabián, demandados y apelantes.

No. 6549.—*Sometido:* Mayo 7, 1934. *Resuelto:* Julio 28, 1934.

*Hugh R. Francis,* abogado de los apelantes; *Hon. Procurador General Benjamin J. Horton* y *Emilio de Aldrey, Subprocurador,* abogados del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Es ésta una acción ejercitada por el Pueblo de Puerto Rico contra Josefina Fabián Finlay y Segundo Lozana Cepa, en reclamación de la cantidad de $43,061.96, por concepto de contribución de herencia. Se alega en la demanda que Rafael Fabián y Fabián, con anterioridad al. mes de julio de 1930, era dueño de ciertos bienes que se distribuyen en diferentes partidas, fijándose una valoración a la propiedad descrita en cada partida. Estos bienes en su totalidad ascienden a la suma de $1,025,288.81. Falleció Rafael Fabián y Fabián el día 3 de julio de 1930, siendo dueño de los bienes descritos en la demanda. En su testamento, otorgado en Madrid ante notario, dejó como única y universal heredera a su legítima hija Josefina Fabián y Finlay, una de los demandados en este caso, siendo el otro demandado Segundo Lozana Cepa, albacea designado por el causante Rafael Fabián y Fabián en el testamento referido. La demandada Josefina Fabián Finlay aceptó la herencia de su difunto padre, y el albacea demandado, Segundo Lozana Cepa, se hizo cargo de los bienes de la herencia, asumiendo ambos la responsabilidad del causante Rafael Fabián y Fabián.

El Tesorero de Puerto Rico, con fecha 8 de junio de 1931, procedió a tasar los bienes descritos en la demanda, a los efectos de la contribución sobre herencia impuesta por el artículo 2 de la Ley número 99, aprobada por la Asamblea Legislativa de Puerto Rico en 29 de agosto de 1925 (pág. 791),

dándoles un valor de $1,025,288.51. Esta tasación fué comunicada en julio 8 de 1931 al demandado Segundo Lozana Cepa, en su carácter de albacea de Rafael Fabián y Fabián, no habiendo establecido apelación alguna contra la tasación hecha por el Tesorero de Puerto Rico. No pagaron los demandados la contribución de herencia que les fué impuesta, ascendente a la suma de $43,061.96, y para recobrar dicha suma se interpuso la presente acción.

Estos son los hechos alegados en la demanda, que según los apelantes no son suficientes para establecer una causa de acción. No expusieron los demandados argumento alguno en la corte inferior en apoyo de su excepción de falta de hechos, que fué desestimada en 30 de junio de 1932, concediéndose diez días a dichos demandados para formular su contestación. Se solicitaron dos prórrogas de quince días, que expiraron, sin que se radicase contestación alguna, y en 23 de diciembre de 1932, o sea cerca de seis meses después de haber sido desestimadas las excepciones previas, se anotó la rebeldía por la parte demandante. Celebrada la vista de la causa en 3 de enero de 1933, se dictó sentencia en contra de los demandados, quienes basando su recurso de apelación en la cuestión previa de falta de hechos, alegan:

"1. Que la Corte de Distrito erró en declarar sin lugar las excepciones previas radicadas en el caso de autos en cuanto al fundamento de que la demanda no aduce hechos suficientes para determinar una causa de acción.

"2. Que la Corte de Distrito erró en estimar que una valoración de cada una de las partidas que componen el activo de una sucesión constituyen la tasación a que se refiere el Artículo 6 de la Ley Núm. 99 aprobada el 29 de agosto de 1925.

"3. Que la Corte de Distrito erró en no resolver que la demanda, para tener hechos suficientes para una causa de acción, tendría que hacer constar la tasación del valor neto de la sucesión, o sea el valor neto de todos los bienes después de deducidas las bajas procedentes, o sea la diferencia entre el activo y pasivo de la sucesión, de cuyo valor neto, el cómputo del importe de la contribución sobre herencia es automático.

"4. Que la Corte de Distrito erró en no resolver que en la demanda

no se alegan hechos suficientes para determinar una contribución de $43,061.96, o por cualquier otra suma.''

Aunque son cuatro los errores atribuídos a la corte inferior, la cuestión planteada es una y puede discutirse como si se tratara de un solo error.

Arguyen los apelantes que en la demanda no se alega tasación alguna de los bienes de la sucesión de Rafael Fabián y Fabián, ni se fija el valor neto de los referidos bienes. Asumiendo que debe determinarse, como alegan los apelantes, el valor de los bienes después de deducidas las bajas procedentes, no surge de la faz de la demanda que los referidos bienes no hayan sido valorados en la forma indicada. Por el contrario, prevalece la presunción de que la tasación fué correcta y de que el Tesorero, por sí y a través de sus empleados, ha cumplido con los deberes determinados por el estatuto. El artículo 2 de la Ley número 99, aprobada en 1925, para modificar y ampliar la contribución sobre transmisión de bienes por herencia, y para otros fines, determina la contribución que debe pagarse según el caso, y el artículo 5 dice, entre otras cosas, que será deber de todo administrador, albacea o fideicomisario, etc., trasmitir al Tesorero de Puerto Rico, sesenta días después del fallecimiento de la persona a quien representen, una notificación jurada de dicho fallecimiento, haciendo constar, tan exactamente como sea posible, el montante, valor, descripción y situación de los bienes del difunto. El artículo 6 de la misma ley, en vigor cuando falleció el Sr. Fabián y cuando se notificó al albacea la tasación, dispone que siempre que sea necesario el valor de todos los bienes de fallecidos se tasará por agentes de Rentas Internas, y siempre que se necesiten los servicios de peritos en contabilidad para tasar los bienes de fallecidos, el Tesorero está autorizado para nombrar uno o más de sus empleados, quienes harán una justa y acertada tasación de los bienes de los fallecidos y resolverán de acuerdo con el artículo segundo de la ley; y los resultados de dicha tasación se pondrán en conocimiento, tanto del Tesorero de Puerto Rico como de los

administradores, albaceas y fideicomisarios de dichos bienes. El artículo 7 dispone que "dentro de los treinta días después de haberse ultimado la valoración y cómputo de la contribución, podrá cualquier persona o beneficiario, a quien ésta afecte, apelar contra dicha valuación y cómputo al tribunal de distrito del distrito donde los bienes radiquen, a condición de que haya pagado todas las costas, o dado fianza para el pago de ellas, y además cualquiera contribución que hubiere sido impuesta sobre la manda, legado, donación o herencia; y dicho tribunal de distrito procederá a resolver el asunto tan pronto como sea posible."

No interpusieron los demandados recurso de apelación contra la valuación y cómputo de la contribución, y ahora arguyen, para atacar la sentencia apelada, que en la demanda no se alega tasación alguna ni se fija el valor neto de los bienes de la sucesión de Rafael Fabián y Fabián. Desde que se desestimaron las excepciones previas hasta que se anotó la rebeldía los demandados tuvieron amplias oportunidades para establecer sus defensas. Si hubo error en la valuación, bien pudieron contestar la demanda y alegarlo en la contestación. Las alegaciones que los demandados entienden debieron formar parte de la demanda, en caso de ser pertinentes, constituyen materias de defensa que pudieron establecerse en su oportunidad, si querían valerse de las mismas.

La valoración está favorecida por la presunción de que ha sido honrada y consciente, de que los tasadores fueron debidamente nombrados y de que han ejecutado sus deberes de acuerdo con la ley. 61 C. J. 1728.

En el caso *In re Pierce's Estate,* 104 Atl. 298, 89 N. J. Eq. 171, en que se apeló de la valoración en un caso de contribución de herencia, la corte dijo:

"No es el deber ni el privilegio de esta corte, en apelación, pesar la evidencia y saltar con respecto a la valoración por encima del criterio del contador, y la valoración debe sostenerse si los principios legales han sido correctamente aplicados y la tasación está sostenida por la evidencia. La presunción está en favor de que la valoración

fué correcta y corresponde al apelante puntualizar y establecer dónde está el error, y puesto que la valoración fijada por el contador está ampliamente sostenida por la prueba; debe ser confirmada.''

Los demandados arguyen que han hecho toda clase de esfuerzos para evitar la necesidad de decir que se trata de un caso donde los intereses importantísimos de un contribuyente han sido completamente abandonados, refiriéndose al abogado que representó a dichos demandados en la corte inferior. Se dice, además, que desgraciadamente, en vista de la decisión de El Pueblo de Puerto Rico mediante sus funcionarios, de valerse de los tecnicismos del caso y de no permitir a los apelantes entrar en los méritos del mismo ni administrativa ni judicialmente, dichos apelantes han tenido que hacer un esfuerzo supremo para conseguir la revocación de la sentencia y obtener que este caso sea visto en sus méritos. Ya que hasta cierto punto se aducen razones de equidad en favor de los demandados, posiblemente con el propósito de que este caso vuelva a la corte inferior en bien de la justicia y para procedimientos ulteriores, vamos a permitirnos copiar los fundamentos que tuvo la corte inferior para dictar su fallo. No se ataca el fallo de la corte inferior por las conclusiones de hecho que establece, sino porque está basado en una demanda que no aduce hechos suficientes para determinar una causa de acción. Existe, por lo tanto, la presunción de que estos hechos son ciertos y están basados en la prueba. Dice la corte en la opinión emitida en este caso:

''Don Rafael Fabián y Fabián falleció en el Sanatorio Auxilio Mútuo, en Hato Rey, Municipio de Río Piedras, P. R., el día 3 de junio de 1930, bajo testamento abierto otorgado en Madrid, España, el 12 de marzo de 1930 ante el notario Don Cándido Casanueva y Gorjón, en el que instituyó como su única y universal heredera a su hija legítima la demandada Josefina Fabián Finlay, casada con Segundo Lozana Cepa. Además, esta corte así lo declaró por resolución de 16 de julio de 1930, en el expediente No. 12803, incoado por dicha señora.

''En 25 de agosto de 1930, don Segundo Lozana Cepa, en su carácter de administrador, albacea o persona legalmente autorizada

para administrar los bienes del fallecido, presentó bajo juramento al Tesorero de Puerto Rico la correspondiente notificación de defunción, de acuerdo con la sección 372 del Código Político de Puerto Rico, haciendo una relación de los bienes de la herencia y su valor, montantes a $873,010.51 y con bajas a deducir ascendentes a $602,004.51.

"Doña Josefina Fabián y Finlay, asistida y con licencia de su esposo Segundo Lozana Cepa, y por escritura pública de 8 de septiembre de 1930, ante el notario don Damián Monserrat y Simó, hizo una declaración de ciertos bienes hereditarios, consistentes en varias fincas y derechos reales, para su inscripción en los registros de la propiedad, aceptando de este modo la herencia de Don Rafael Fabián Fabián y obligándose al pago de las contribuciones. Los bienes así declarados, según el valor expresado por la declarante, ascienden a $128,918.25.

"En julio 8 de 1931, el Negociado de Contribuciones sobre la Propiedad del Departamento de Hacienda hizo la liquidación de la herencia dejada por Don Rafael Fabián Fabián, con la descripción de las propiedades, su valor y tasación según la imposición de la contribución de herencia, ascendentes a $1,025,288.51, con deducciones al caudal hereditario en concepto de bajas montantes a $271,006.00, siendo el total líquido de los bienes de $754,282.51. Después de deducida la exención correspondiente se impuso la contribución a pagar en una suma de $43,061.96. El tesorero notificó a Segundo Lozana Cepa, con fecha 8 de julio de 1931, el hecho de haberse impuesto la contribución y devengar intereses a razón de 10% anual desde el 3 de julio de 1931. Contra la tasación del tesorero y la imposición de la contribución no se estableció recurso alguno. La ley aplicable es la No. 99, de 28 de agosto de 1925, en su artículo 2.

"En 5 de octubre de 1931, el Tesorero de Puerto Rico interesó a la contribuyente el inmediato pago del importe de la contribución de herencia sobre los bienes relictos al fallecimiento de Don Rafael Fabián y Fabián, o de lo contrario que procedería al cobro por la vía de apremio, y en 9 de octubre de 1931 contestó el señor Segundo Lozana Cepa que estaban haciendo toda clase de gestiones y diligencias para obtener ingresos y que les era imposible pagar hasta después del 30 de junio de 1932 . . ."

*Opinamos que debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Wolf está conforme con el resultado.

El Juez Asociado Señor Aldrey no intervino.