Henry L. Thornell, a New Jersey resident, died testate May 10th, 1939, aged 86, leaving an estate of approximately $133,000 passing under his will.
About three and a half years prior to his death he made threeinter vivos gifts, contemporaneously, of $11,000 each, or a total of $33,000. These gifts obviously were not transfers the taking effect in possession or enjoyment of which was postponed until at or after the donor's death; they were immediately operative transfers, comprising the complete, absolute ownership of all interests of any kind, in the property transferred. The Commissioner found that they had been "made in contemplation of death," and assessed tax in respect thereof accordingly. *Page 340 
The sole contention made in appellants' briefs, (there was no oral argument), is that there was no evidence before the Commissioner sufficient to justify a determination that the gifts in question were made in contemplation of death, within the meaning of the statute.
An inter vivos gift is "made in contemplation of death," within the meaning of the statute, if it is intentionally made in lieu of testamentary disposition; and it is made in lieu of testamentary disposition, (notwithstanding the taking effect thereof in possession or enjoyment is not delayed until at or after the death of the donor) when it is made as the result of a purpose (either alone or together with other purposes) that the donee shall have and enjoy, after the death of the donor, the property transferred or some interest therein, and the gift would not have been made in the absence of such purpose. Cairns v.Martin (decided contemporaneously herewith), 130 N.J. Eq. 313.
Conversely an inter vivos gift in the making of which such purpose of accomplishing post mortem enjoyment by the donee is not the (or a) controlling factor, is not a substitute for testamentary disposition and is not taxable under the statute. Aninter vivos gift of the whole ownership of property which is made for the purpose of accomplishing an object which could only be accomplished by a present gift of whole ownership and not otherwise, and which would have been made irrespective of any hope or expectation by the donor that the donee might continue to have and enjoy the property after the donor's death, is not taxable under the statute. Id.
Whether or not any particular gift inter vivos was such a substitute for testamentary disposition is a conclusion of fact to be drawn from the facts concerning the transfer and the donor's intents and purposes. Such conclusion of fact is to be determined on the whole evidence, — including the facts specifically in evidence and the inferences of fact naturally and justifiably drawn therefrom, Cairns v. Martin, supra, and cases cited; but the burden is on the state to establish by the preponderance of such specific and inferential facts, that the gift was made as a substitute for testamentary disposition. Id. *Page 341 
In the instant case the gift preceded the donor's death by more than two years; hence the statutory presumption provided in the second paragraph of R.S. 54:34-1 c. does not arise.
Under our statute the Tax Commissioner occupies a dual position, — partly administrative and partly judicial. It is his duty, inter alia, to determine, in the first instance, questions of fact and questions of law. It is his duty therefore to determine, in the first instance, whether the evidence establishes, by the preponderant weight thereof, the facts requisite to taxability and, therefore, necessary to be so established. In this capacity, his function is that of a jury or other trier of fact. In any cause, in any tribunal, where there is conflicting or contradictory testimony, it is the province and the duty of the jury or other trier of fact, to determine which testimony is the more credible and accurate; and it is likewise the province and duty of the jury or other trier of fact, (whether or not there be dispute as to any of the specific testimony or evidence), to determine what inferences and conclusions of fact are justifiably and properly to be drawn from the facts specifically appearing in the evidence. State v.Pruser, 127 N.J. Law 97, at 100, bottom, 21 Atl. Rep.
2d 641; Dennery v. Great A. P. Tea Co., [*]82 N.J. Law 517, 81 Atl. Rep. 861; DeGroat v. Ward Baking Co., [*]102 N.J. Law 188, 130 Atl. Rep. 540; 23 C.J. § 1797 p. 54; Kuczynski v.Humphrey, 118 N.J. Law 321 at 326, top, 192 Atl. Rep. 371, approved in Hargrave v. Stockloss, [*]127 N.J. Law 262, at265, bottom. 21 Atl. Rep. 2d 820.
Such is therefore the function of the Tax Commissioner as the trier of facts in the first instance, in these tax proceedings. If he believes that certain inferences and deductions of fact are properly to be drawn from the facts specifically in evidence, and that upon all the evidence, — including such deductions of fact, — the facts requisite to taxability are established by the preponderant weight of the evidence, he must so find, and assess tax accordingly.
The minds of reasonable men may differ as to what inferences and deductions of fact are natural and probable from other facts specifically in evidence. One man, sitting as a *Page 342 
juryman or trier of fact, may thus reach a different "verdict" or conclusion from that reached by another. Cf. Myers v. Martin,126 N.J. Law 437, at 440, 20 Atl. Rep. 2d 79; andMacGregor v. Martin, infra, in which cases the three justices of the Supreme Court took a different view from that entertained by the Commissioner and by this court as to the inferences of fact which might legitimately be deduced (as probable) from the facts specifically in evidence.
It is quite advisable, therefore, that there should be opportunity for review of the factual determinations of the Tax Commissioner, — especially since he does occupy the position which requires him both to initiate and prosecute the tax proceeding as well as to sit in judgment therein. Provision for such review is made in the statute, by appeal to this court, —R.S. 54:34-13. Review is also to be had on certiorari to the Supreme Court, — either before or after an appeal to this court (which in these inheritance tax cases acts as a statutory tribunal). In re Roebling's Estate, *91 N.J. Eq. 72, 108Atl. Rep. 359.
In such reviews on certiorari the Supreme Court acts as a tribunal of fact, — arrives at its own determination as to the facts established, and determines whether or not in its judgment, the state has established by the weight of evidence, the facts requisite to taxability, — Scheider v. Martin,124 N.J. Law 567, 12 Atl. Rep. 2d 678; MacGregor v. Martin,126 N.J. Law 492, at 499, 20 Atl. Rep. 2d 427.
The interposition of the extra appellate step of appeal to this court may perhaps be deemed of doubtful advisability; but while such provision remains in the statute, it seems to be the duty of this statutory appellate tribunal to entertain and determine such appeals. That being so, this court would obviously function to the greater convenience and advantage of litigants in these cases, if it possessed and exercised the right to pass on questions of fact and of the sustaining of the burden of proof, — especially since, in the great majority of these cases the first step of the dissatisfied taxpayer is to take appeal to this court. This court must needs examine the evidence, to determine if there be any competent evidence to support the Commissioner's findings. If upon such examination, *Page 343 
it appears that the weight of the evidence is against the Commissioner's findings, although there is some competent evidence to support such findings, it is unfortunate if this court is required to affirm the Commissioner's determination and the taxpayer is required to be put to the additional delay and expense of application to the Supreme Court.
The rule that the Ordinary has not the right or power to pass on questions of fact or of the weight of evidence is a determination solely of this court. It has not been affirmed or approved on review. Cf. Moore v. Martin, 125 N.J. Law 189, at192, bottom, 14 Atl. Rep. 2d 482. A re-examination of the question is not precluded by the principle of staredecisis; — no one in making any act of transfer was ever affected by, or placed any reliance on, a belief that this court's powers on review were limited in that manner.
The rule had its origin in the opinion in In Re Pierce'sEstate, 89 N.J. Eq. 171, at 172, 104 Atl. Rep. 298.
No authority is there cited, nor any explanation of any reasons upon which it was based. No reasoning or authority (other than thePierce Case) has been given in any of the subsequent cases in which it has been reiterated. No such limitation is to be found, either express or implied, in the statute itself. On the contrary the right of appeal thereby given, — R.S. 54:34-13, — is wholly broad and unlimited; and under similar broad and unlimited language, — R.S. 2:29-117, (formerly P.L. 1902, c. 158, § 111), — the Court of Errors and Appeals has the power to pass on questions of fact and of the weight of evidence. Cartan v.Phelps, *91 N.J. Eq. 312, 109 Atl. Rep. 291. Furthermore, byR.S. 54:33-2, jurisdiction is expressly given to this court "to hear and determine all questions in relation to a tax levied" under the statute. This would include questions of fact and of the weight of evidence, as well as questions of law.
It is not perceived, therefore, that the rule in the PierceCase rests, or can be rested, upon any sound basis. The Ordinary authorizes the statement that he concurs in this, and that the rule is to be taken as overruled.
 * * * * * * * *Page 344 
[A lengthy discussion of the evidence and the inferences to be drawn therefrom is omitted from this report at the direction of the Vice-Ordinary.]
 * * * * * * *
Gifts of money or forgiveness of debts, — improvement of the donee's financial condition, — might reasonably be expected to continue to be enjoyed, (by a continuance in some form or other of the improved financial condition), after the donor's death; and it is quite possible that the donor had such a desire or even expectation in his mind. It is possible that he would not have made the gifts if he had not had the desire and expectation of such post mortem enjoyment; but it cannot be said that this isprobable. It seems much more probable that what he chiefly purposed was a present ante mortem benefit which could not be accomplished by a testamentary gift, and that he would have made these gifts irrespective of any desire or purpose that the donees should have some ownership or enjoyment thereof after his death.
It is the judgment of this court that the specific testimony and evidence before the Commissioner, together with the probable conclusions of fact deducible therefrom, does not establish by the weight of the evidence that the gifts were made in lieu of testamentary disposition, but rather establishes by the weight of the evidence that in the making of these gifts the donor was actuated by a desire, purpose and intent that the donees should thereby receive present benefit by being thereby presently clothed with the absolute ownership of all interest in the property transferred, — benefits which could not be accomplished by the present or the testamentary transfer of only the postmortem interests, nor by the present transfer of only the antemortem interests, even together with a transfer, effective at death, of the post mortem interests. To accomplish his desire and purpose, it was necessary that the whole absolute ownership be presently transferred.
His chief concern was not that the donees should have the enjoyment, at and after his death, of the ownership of the postmortem interests; it was that they should have the enjoyment then presently, — immediately, — of the whole absolute *Page 345 
ownership of the property, in order to accomplish the particular benefit which it was his purpose and desire to accomplish by the transfer.
It is concluded, therefore, that the state did not sustain the burden of establishing by preponderant weight of evidence, that the gifts were substantially substitutes for testamentary disposition and hence taxable as "made in contemplation of death;" and the assessment in respect thereof will be set aside. *Page 346