49 N.J. Super. 523 (1958)
140 A.2d 538
EDNA SWAIN AND EMILY S. SEAMAN, EXECUTRICES OF THE LAST WILL AND TESTAMENT OF CLARA G. SWAIN, DECEASED, APPELLANTS,
v.
AARON K. NEELD, TREASURER, STATE OF NEW JERSEY, ACTING AS DIRECTOR OF THE DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, RESPONDENT. IN THE MATTER OF THE TRANSFER INHERITANCE TAX ASSESSMENT IN THE ESTATE OF CLARA G. SWAIN, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued March 17, 1958.
Decided April 11, 1958.
*526 Before Judges PRICE, SCHETTINO and HANEMAN.
Mr. Fred Herrigel, Jr. argued the cause for appellants (Herrigel, Bolan & Herrigel, attorneys).
Mr. Joseph A. Jansen, Deputy Attorney-General, argued the cause for respondent.
The opinion of the court was delivered by HANEMAN, J.A.D.
Plaintiff appeals from a transfer inheritance tax assessment levied by the Director of Taxation and bottomed upon findings that certain inter vivos gifts made by decedent Clara G. Swain were made in contemplation of death.
On December 16, 1955 Clara G. Swain made gifts of shares of stock of Standard Oil Company of New Jersey as follows: (1) to a daughter, Emily S. Seaman, $32,780; (2) to William F. Seaman, husband of Emily, $2,980; (3) to a widowed daughter-in-law, Edna Swain, $2,980; (4) to a granddaughter, Virginia Swain, $2,980. The values set forth above are calculated upon the market value of the stock as of the date of transfer.
Clara G. Swain died on February 13, 1956 at the age of 87 years, leaving a gross estate which was valued for tax purposes at $87,193.54.
After a hearing the examiner filed his findings, which read in part as follows:
"The proofs do not satisfactorily establish clearly that the gifts are untaxable under the mandate of the Legislature as contemplated in the applicable statute, R.S. 54:34-1. Nor do they appear to be clearly untaxable under the applicable rules laid down by our courts." (Emphasis supplied)
*527 R.S. 54:34-1, the pertinent statute, reads, as far as here material, as follows:
"c. Where real or tangible personal property within this state of a resident of this state or intangible personal property wherever situate of a resident of this state or real or tangible personal property within this state of a nonresident, is transferred by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death.
A transfer by deed, grant, bargain, sale or gift made without adequate valuable consideration and within three years prior to the death of the grantor, vendor or donor of a material part of his estate or in the nature of a final disposition or distribution thereof, shall, in the absence of proof to the contrary, be deemed to have been made in contemplation of death within the meaning of paragraph `c' of this section; but no such transfer made prior to such three-year period shall be deemed or held to have been made in contemplation of death."
Where a gift is made within three years prior to a donor's decease a presumption arises that the gift is made in contemplation of death and the burden is then on the taxpayer to rebut such presumption. R.S. 54:34-1 (c); First National Bank and Trust Company v. Zink, 1 N.J. Super. 265 (App. Div. 1949); Laube v. Zink, 4 N.J. Super. 19 (App. Div. 1949).
Plaintiff contends, inter alia, that the examiner applied an erroneous theory of law and required her to bear a greater burden of proof than the law requires in that he required that the "proofs [must] satisfactorily clearly establish" that the gifts were not made in contemplation of death. Defendant contends that proof is the result of evidence and should be distinguished therefrom. He asserts that plaintiff must come forward with "proof" and not simply contradictory evidence to rebut the presumption. He argues that proof is not synonymous with evidence. He asserts that this "proof" should consist of evidence which "must be not only such as will exclude the statutory presumption that a gift was made in contemplation of death," but "that it [must] be sufficient to definitely prove an opposite and exclusive reason for the making of the *528 transfer." (Emphasis supplied) He further contends that R.S. 54:34-1 (c) does more than shift the burden of going forward with the evidence to rebut the presumption there raised. He asserts that the "evidence brought forth to combat the presumption must be sufficient to convince the taxing authority that the motive `in contemplation of death' was not present in the mind of the transferor at the time of the making of the transfers." (Emphasis supplied)
Thus, from the original premise, he springs to the conclusion that the presumption must be overcome by some quantum of proof sufficient to satisfy the examiner that the gift was not made in contemplation of death. He refused on oral argument to state by what quantum of proof this result may be attained, but relied upon his statement that it must be satisfactory to the examiner. This would leave us with no criterion as to whether the presumption had been rebutted other than the unrestrained and ungoverned conclusion of the examiner. Defendant's analysis of the word "proof" is erroneous.
In Jaudel v. Schoelzke, 95 N.J.L. 171, 177 (E. & A. 1920), the court said:
"It is too well settled in this state so as to warrant any debate on the subject that where a legislative act required proof to be made of the existence of certain facts, for example, as the statute does in the present instance, it means competent evidence  such testimony as would be admissible in the trial of the case in a court of justice. `Proof,' as was well said by Mr. Justice Garrison in Inglis v. Schreiner, 58 N.J.L. 120, speaking for the Supreme Court, at page 122, `when used in a legislative enactment, means competent and legal evidence [or, in other words], testimony that conforms to the fundamental rules of proof, one of which excludes hearsay evidence, however trustworthy the informant or however implicit may be the deponent's belief in the truth of what he has heard.'"
So here, the statutory words "in the absence of proof to the contrary" mean only competent and legal evidence sufficient to rebut the presumption, i.e., testimony which conforms to the fundamental rules of proof. Those words do not cast upon the disputant any greater burden than is *529 normally required to be borne by a litigant in a civil cause in order to overcome or rebut a presumption.
The ultimate burden is always upon the State to prove by the preponderant weight of the evidence that the gift was made in contemplation of death. Cairns v. Martin, 130 N.J. Eq. 313 (Prerog. 1941). Where the transfer was made within three years prior to the donor's death, and the State proves that the transfer was a gift and was a material part of the donor's estate, only then does the presumption provided for in R.S. 54:34-1 (c) arise. At that posture of the case the State, by virtue of the statute, has proved, prima facie, a case for taxability of the transfer. The presumption merely casts upon the taxpayer the duty of going forward with evidence to rebut the presumption, i.e., the duty of presenting some evidence tending to prove that the gift was not made in contemplation of death. In the absence of some proof contra, the State, by virtue of the presumption, will be deemed to have established the fact that the transfer was made in contemplation of death. Cairns v. Martin, supra; Squier v. Martin, 131 N.J. Eq. 263 (Prerog. 1942).
We are not unmindful of the difficulty of proving a state of mind when, as here, it is an issue. It would be more than naive to conclude that, were a donor attempting to avoid the payment of a transfer inheritance tax by making an inter vivos gift, both he and the donee would not exercise every possible precaution to conceal such purpose. That precaution could conceivably extend to what might be conservatively typified as a "coloring of the testimony." However, even recognizing this difficulty and the State's desire and need for tax revenue, sight should not be lost of the rights of the taxpayer. "In matters of taxation the State must be protected and tax evasions should not be tolerated. But there is a duty to the individual that is equally solemn." MacGregor v. Martin, 126 N.J.L. 492, 501 (Sup. Ct. 1941).
It becomes necessary, therefore, to ascertain the nature of the presumption with which we are here concerned and the proof required to rebut such presumption.
*530 Where a presumption is not heavily fortified by policy or probability, it disappears as a factor in the case as soon as such evidence is adduced, by way of contradiction or explanation of the presumed fact, as would enable a reasonable man to make a finding contrary to that fact. Such evidence is sufficient when it would "justify, if the trial were to a jury, a refusal to direct a verdict." In re Weeks' Estate, 29 N.J. Super. 533 (App. Div. 1954); Turro v. Turro, 38 N.J. Super. 535 (App. Div. 1956); Silver Lining, Inc., v. Shein, 37 N.J. Super. 206 (App. Div. 1955).
It cannot be concluded that the Legislature intended to accord any greater probative value to the presumption with which we are here concerned than that which normally results from a presumption in a civil proceeding. Cairns v. Martin, supra; Kellogg v. Martin, 130 N.J. Eq. 338 (Prerog. 1941).
The quantum so required is less than a preponderance of the evidence. If this were not so, and the rebutter were obliged to neutralize the presumption by a preponderance of the evidence, the burden of proof would then, in effect, have to be borne by him. The burden of going forward shifts to him and not the burden of proof. The burden of proof remains at all times with the proponent of the alleged fact. Silver Lining, Inc., v. Shein, supra.
When evidence concerning the presumed fact has been introduced which is reasonably contradictory of such fact, the existence or non-existence of the presumed fact is to be determined exactly as if no presumption had ever been applicable. The presumption then "disappears" as a factor in the proceedings and the issue of that fact will then go to the jury as if no such presumption had arisen.
In re Weeks' Estate, supra, the court said, 29 N.J. Super. at page 538:
"Thus the pattern of the law emerges, delineating and laying out on all sides the general rule, already adverted to. By that rule where a presumption is raised as to a fact and then sufficient evidence is adduced so that (apart from the presumption) reasonable men might honestly differ as to whether or not that is the fact, the presumption loses all its force and, indeed, ceases to exist."
*531 The burden of proving the affirmative of defendant's proposition, i.e., that the transfers were made in contemplation of death, was that of defendant from the beginning to the end of the trial. He was required to prove the affirmative of this proposition by a preponderance of the evidence, and this burden never shifts. Silver Lining, Inc., v. Shein, supra; Squier v. Martin, supra.
"The essential question of fact is to be determined upon the whole evidence; and the whole evidence includes not merely the specific testimony and evidence but also such inferences and conclusions of fact as are natural and proper to be drawn from the facts specifically in evidence." Cairns v. Martin, supra.
See also Kellogg v. Martin, supra.
As a practical matter this could conceivably result in a consideration of testimony of witnesses produced solely by plaintiff. If this did eventuate, the examiner must first consider the evidence adduced on both direct and cross examination to determine whether the presumption had been rebutted under the test above set forth, and second, if the presumption be rebutted, whether that same testimony is of sufficient weight to prove a gift in contemplation of death, by a fair preponderance of the evidence.
The examiner apparently conceived that it was the plaintiff's duty not only to rebut the presumption but also to prove that the gift was not made in contemplation of death. In this he erred, in that he exceeded the legislative grant and the standards prescribed thereby.
We have no way of knowing whether defendant would have adduced some additional testimony, absent the erroneous theory upon which this matter was decided. We feel that the ends of justice require us to reverse the decision of the examiner and to remand the cause for the taking of further testimony by defendant and plaintiff. With all of the proofs then before him, the examiner may make such determinations as to him seem appropriate.
Reversed and remanded.