CENTRAL HANOVER BANK AND TRUST COMPANY, ETC., GEORGE CHEW ATKINS AND JOHN NORTON ATKINS, AS EXECUTORS UNDER THE LAST WILL AND TESTAMENT OF GEORGE W. E. ATKINS, DECEASED, AND GEORGE CHEW ATKINS AND JOHN NORTON ATKINS, INDIVIDUALLY, PROSECUTORS-APPELLANTS, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER, DEFENDANT-RESPONDENT.

Argued May 20, 1942—Decided September 18, 1942.

For the appellants, *Riker, Marsh & Shipman* (*Theodore McC. Marsh,* of counsel).

For the respondent, *David T. Wilentz,* Attorney-General, and *William A. Moore,* Assistant Attorney-General.

The opinion of the court was delivered by

HEHER, J. We concur in the view of the Supreme Court that the decree of the Prerogative Court should be affirmed, generally for the reasons expressed in the opinion delivered by the late Vice-Ordinary Buchanan.

We deem it prudent to observe that the test of a gift in contemplation of death in the statutory sense is whether the determinative motive was "of the sort which leads to testamentary disposition." It is requisite that the "thought of death" be the impelling cause of the transfer. If that be a controlling motive inducing the disposition of the property, the transfer is taxable under the statute. The legislative design

was to place testamentary gifts and substitutes therefor in the same succession tax category, and thus to secure equality of taxation and prevent evasion of taxes. The inquiry therefore is whether the gift was essentially testamentary in character. Was it made as a substitute for a testamentary disposition? Was the generating thought of death as distinguished from purposes associated with life? If so, contemplation of death in the statutory intendment was the motivation for the transfer of the property. *Perry* v. *Martin,* 125 *N. J. L.* 46.

The evidence reveals that the refund annuity transfers are testamentary in nature, and therefore taxable. And we are in accord with the Vice-Ordinary's view that they also fall into the category of gifts intended to take effect in possession and enjoyment at or after the donor's death, and are taxable on that ground.

Judgment affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, CASE, DONGES, HEHER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 11.

*For reversal*—None.