CENTRAL HANOVER BANK & TRUST CO. ET AL. *v.*
KELLY, STATE TAX COMMISSIONER.

No. 659.   Argued April 12, 13, 1943.—Decided May 3, 1943.

*Mr. Robert McC. Marsh,* with whom *Messrs. Jehiel G. Shipman* and *Claude A. Hope* were on the brief, for appellants.

*Mr. William A. Moore,* Assistant Attorney General of New Jersey, for appellee.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

New Jersey imposes a tax, with exceptions not material here, "upon the transfer of any property, real or personal, of the value of five hundred dollars ($500.00) or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations, . . . in the following

cases . . . Third. When the transfer is of property[1] made by a resident . . . by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death." Laws of 1935, c. 90, pp. 264–265. And see Rev. Stat. 1937, § 54: 34–1.

Prior to 1929 decedent, who at all times relevant here was a resident of New Jersey, owned certain securities which he kept in New York City in safekeeping with the appellant trust company, a New York corporation. In 1929 he went to New York City and executed a trust agreement by which he transferred those securities to the appellant corporation as trustee. The trust deed was an irrevocable agreement under which he retained no control over the property. It contained a provision that it was to be construed according to the laws of New York where it was made and where it was to be enforced. It provided that the trustee should pay the net income to the grantor during his life and thereafter to his wife for life in case she survived him. In the event that the grantor's wife did not survive him and his two sons did, then the trustee was to transfer to each son one-half of the principal. The wife predeceased the grantor, who died in 1936 a resident of New Jersey. Both sons survived him. They were nonresidents of New Jersey. The securities were at all times kept in New York and there administered by the trustee.[2]

---

[1] The statute embraces the transfer of property "whether such property be situated within or without this State." Rev. Stat. 1937, § 54: 33–1. The word "transfer" is defined so as to include "the passing of property, or any interest therein, in possession or enjoyment, present or future" by deed. *Id.*

[2] Art. XVI, § 3 of the Constitution of the State of New York provides: "Moneys, credits, securities and other intangible personal property within the state not employed in carrying on any business therein by the owner shall be deemed to be located at the domicile of the owner for purpose of taxation, and, if held in trust, shall not be deemed to be located in this state for purposes of taxation because of the trustee being

The New Jersey Prerogative Court held on an appeal from the Tax Commissioner that the creation of the so-called equitable contingent remainders in the sons was a "transfer" of an interest in the property by deed within the meaning of the statute at a time when the grantor was domiciled in New Jersey; [3] that that transfer was made in contemplation of the grantor's death and intended to take effect in possession or enjoyment at or after his death; and that it was that transfer rather than the property on which the tax was laid. It accordingly upheld the assessment of the Commissioner against the contention of appellants that the statute as construed and applied violated the due process and equal protection clauses of the Fourteenth Amendment. 129 N. J. Eq. 186, 18 A. 2d 45. Both the Supreme Court and the Court of Errors and Appeals of New Jersey affirmed. See 127 N. J. L. 468, 23 A. 2d 284; 129 N. J. L. 127, 28 A. 2d 174. The case is here on appeal. § 237 (a) of the Judicial Code, 28 U. S. C. § 344 (a).

It is much too late to contend that domicile alone is insufficient to give the domiciliary state the constitutional power to tax a transfer of intangibles where the owner, though domiciled within the state, keeps the paper evidences of the intangibles outside its boundaries. See *Blackstone* v. *Miller*, 188 U. S. 189; *Blodgett* v. *Silberman*, 277 U. S. 1; *Curry* v. *McCanless*, 307 U. S. 357, and cases cited. The command of the state over the owner, the obligations which domicile creates, the practical necessity

---

domiciled in this state, provided that if no other state has jurisdiction to subject such property held in trust to death taxation, it may be deemed property having a taxable situs within this state for purposes of death taxation."

[3] The Court held, in the alternative, that there was a taxable transfer under the statute even if it be assumed that the remainder was vested in the grantor until the happening of the contingency. Under that view, there was no transfer until the actual vesting at his death. Yet at that time he was domiciled in New Jersey. So the transfer was taxable. 129 N. J. Eq. pp. 212–213.

of associating intangibles with the person of the owner at his domicile since they represent only rights which he may enforce against others—these are the foundation for the jurisdiction of the domiciliary state to tax. *Curry* v. *McCanless, supra.* We recently applied that principle to sustain, on facts very close to the present ones, Oregon's power to tax a transfer of intangibles held in Illinois by one domiciled in Oregon. *Pearson* v. *McGraw,* 308 U. S. 313. And see *Van Dyke* v. *Tax Commission,* 235 Wis. 128, 292 N. W. 313, aff'd 311 U. S. 605. The execution of the present trust agreement in New York, the circumstance that the remaindermen as well as the trustee were non-residents of the taxing state are quite immaterial. Domicile is the single controlling consideration in this situation, as it is in the case of the taxation of income derived from activities outside the state. *Lawrence* v. *State Tax Commission,* 286 U. S. 276, 279; *New York ex rel. Cohn* v. *Graves,* 300 U. S. 308.

Appellants contend, however, that at the time of the execution of the trust agreement there was no taxable transfer to the sons; that their interests were wholly speculative and contingent and did not become taxable until they became vested interests; and that New Jersey has not levied a tax according to the quality and value of the interests as they existed in 1929 but has appraised the property at its value at the time of the grantor's death. They also argue that if the trust agreement be construed to transfer an interest to the sons only at the grantor's death, it was a transfer which New Jersey could not tax.

The determination by the New Jersey courts of the kind of interest transferred and the time when it was effected is a matter of local law binding on us. *Orr* v. *Gilman,* 183 U. S. 278, 288; *Chanler* v. *Kelsey,* 205 U. S. 466, 476; *Nickel* v. *Cole,* 256 U. S. 222, 225–226; *Saltonstall* v. *Saltonstall,* 276 U. S. 260, 270. There is no constitu-

tional reason why a state may not make the transfer *inter vivos* the taxable event and then measure the tax by the value of the property at time of death. *Keeney* v. *New. York,* 222 U. S. 525. Cf. *Milliken* v. *United States,* 283 U. S. 15, 20, 22, 23; *Helvering* v. *Hallock,* 309 U. S. 106, 111; Paul, Federal Estate and Gift Taxation (1942) § 2.13. A state which may tax the disposition of property made by one of its domiciliaries certainly may make the payment of the tax conditional on his being domiciled in the state at his death, and may delay payment until then. The fact that the taxable event and the tax levy are widely separated in time is quite irrelevant. In short, "The due process clause places no restriction on a State as to the time at which an inheritance tax shall be levied or the property valued for purposes of such tax." *Salomon* v. *State Tax Commission,* 278 U. S. 484, 490. And if the transfer to the sons is assumed to have taken place only at the time of the grantor's death, there is no constitutional reason why the result need be different. The fact that he did not then "own" the property is inconsequential. Cf. *Whitney* v. *State Tax Commission,* 309 U. S. 530. The significant facts are that the rights of the remaindermen derived solely from the trust agreement and that the grantor died domiciled in New Jersey.

*Affirmed.*