This is an appeal pursuant to Rule 3:81-8 from a decision by the Director of the Division of Taxation, Department of the Treasury, that gifts of the decedent Charles A. Laube, within two years of his demise, were made in contemplation of death and were, therefore, taxable under R.S. 54:34-1c.
The decedent died on August 31, 1946, when he was 57 years of age. Fifteen years, and again nine years, before his *Page 21 
death, he was operated on for a kidney condition which thereafter necessitated cystoscopic examination and treatment every two or three months. About 1940 he was advised that he suffered from hypertension and was placed on a diet. On May 25, 1945, he executed a new will which bequeathed to his wife, as did an earlier will, his entire estate estimated to be worth $120,000 and embodied two new provisions, namely, a power of sale and a common disaster clause. On the following day he made a gift of $30,000 Treasury Bonds to his wife. During the following month, on June 17, 1945, he suffered a stroke which required his hospitalization for a time at the Paterson General Hospital and, thereafter, he was attended by his doctor until August 12, 1946, when he was taken to the Post Graduate Hospital at New York. Two weeks thereafter, on August 26, 1946, he made a further gift of $10,000 in cash to his wife and he died five days later, on August 31, 1946.
The Director made express findings which substantially embody the foregoing facts and they are not subject to serious dispute. The gifts having been made within two years of demise, the rebuttable statutory presumption that they were made in contemplation of death is applicable (R.S. 54:34-1c). In support, the facts as hereinbefore set forth give rise to a strong inference that the "thought of death" was a controlling motive inducing the gifts; that being so, they were taxable under the statute. See Central Hanover Bank Trust Co. v. Martin,129 N.J.L. 127 (E. A. 1942); affirmed, 319 U.S. 94,87 L.Ed. 1282 (1943); Perry v. Martin, 125 N.J.L. 46 (Sup.Ct. 1940). The appellant urges that this inference, as well as the statutory presumption was adequately overcome by the wife's testimony that prior to the transfer of the $30,000 Treasury Bonds, she had asked the decedent for a gift because "the wives of the partners were having gifts and telling me what their husbands gave them." We are not at all impressed by this testimony and do not consider that it weakens the Director's conclusion as to the decedent's purpose. The appellant further refers to testimony that the decedent was of jovial disposition, attended to his *Page 22 
business affairs, and had no knowledge of "impending death." It is well settled that the absence of any thought of imminent death is not controlling [Cf. Dommerich v. Kelly, 132 N.J. Eq. 220,223 (Prerog. 1942); affirmed, 130 N.J.L. 542 (Sup. Ct.
1943), 132 N.J.L. 141 (E. A. 1944)], and the evidence with respect to his general demeanor, while of some relevancy, was readily overcome by the more pertinent objective circumstances embodied in the Director's findings of fact.
We find that the gifts were in lieu of testamentary dispositions and in contemplation of death within the intendment of R.S. 54:34-1c and that the action of the Director must be sustained.