EUGENE N. BUNTING, EXECUTOR (ESTATE OF ALICE N. BUNTING) *v.* JOHN L. SULLIVAN, TAX COMMISSIONER

KING, C. J., MURPHY, ALCORN, SHANNON and LEIPNER, Js.

Argued November 4, 1964—decided January 20, 1965

*William Reeves,* with whom was *David O. Jackson,* for the plaintiff.

*Irving L. Levine,* inheritance tax attorney, with whom, on the brief, were *Harold M. Mulvey,* attorney general, and *Robert J. Hale,* first assistant tax commissioner, for the defendant.

ALCORN, J. This case concerns a succession tax imposed on the estate of Alice N. Bunting. Mrs. Bunting died, a resident of Fairfield, Connecticut, on February 24, 1961, and her estate is in process of settlement there. In January, 1922, while dom-

iciled in Massachusetts, she executed a trust indenture with Massachusetts trustees. The trust instrument indicates that Mrs. Bunting was then a widow and the expectant beneficiary of a legacy of $50,000 under the will of her deceased husband's father contingent on the death of her husband's mother, who was then living. Under the terms of the trust, Mrs. Bunting transferred to her trustees certain stocks, bonds and securities and her interest in the $50,000 legacy. The stocks, bonds and securities were then, and ever since have been, held in Massachusetts. So far as now material, it was provided that the income from the trust be paid to Mrs. Bunting for life, and, at her death, to her four children in equal shares until they reached the age of twenty-five, at which time each child would receive his or her proportionate share of the principal. The trust instrument provided that the spouse or issue of any child who died before Mrs. Bunting would receive, upon the death of Mrs. Bunting, the parent or spouse's share of the principal and any accumulations in the proportions appointed by the parent or spouse, or, in default of appointment, according to the laws of intestacy. Mrs. Bunting reserved the right to add to the corpus of the trust at any time by the transfer of additional securities or by written instructions to the trustees to accumulate any part of the income payable to her. She retained no power to control the administration of the trust or to alter, amend or revoke it. Her purpose was to ensure that her children would have the property left to her by their father and grandfather, to free herself of the management of it, and to safeguard the property from diminution during a contemplated second marriage.

About six months later, Mrs. Bunting remarried

and, sometime after February, 1927, acquired a domicil in Connecticut.[1] She continued thereafter to reside in this state until her death thirty-four years later. Her will, dated July 8, 1953, left her entire estate, inventoried at $114,847.23, in equal shares to her three surviving children. Her executor reported transfers which she had made other than by will or intestacy, the principal item being the 1922 trust, the assets of which, at the date of her death, were valued at $323,267. The remaindermen of the trust are Mrs. Bunting's three children, who are the designated beneficiaries under her will, and the widow and two children of a son who predeceased Mrs. Bunting.

The Probate Court decreed that the succession to the property conveyed under the 1922 trust was subject to the Connecticut succession tax, and the executor appealed to the Superior Court, which reserved the two questions stated in the footnote for our determination.[2]

The plaintiff urges us to reexamine the decision in *Hackett* v. *Bankers Trust Co.,* 122 Conn. 107, 187 A. 653, to the extent that that case holds (p. 123) the taxability of an inter vivos trust under what

---

[1] The record does not disclose when or why she again assumed the name of her first husband.

[2] "1. Whether the Connecticut Succession Tax may be imposed on a transfer in trust pursuant to an Indenture of Trust, dated January 6, 1922, . . . established by a Massachusetts resident and domiciliary under which she had the life income and who was a resident of and domiciled in Connecticut at her death, the corpus of which trust at all times was administered in Massachusetts by trustees of that state and located therein?

"2. Whether the Connecticut Succession Tax may be imposed on a transfer in trust by said Indenture of Trust . . . under the facts of the stipulation where the assets of the trust are located outside of Connecticut and the remaindermen thereof are not all legatees under the decedent's Will and two of such remaindermen and legatees are non-residents of Connecticut?"

is now General Statutes § 12-341 (d) to be unaffected by the circumstance that the settlor was, at the time of creating the trust, domiciled outside Connecticut. The argument is that the rationale under which the disposition of intangibles, wherever situated, is governed by the law of the state of domicil breaks down in the case of an inter vivos trust such as the one here involved.

Section 12-340 of the General Statutes imposes a tax on transfers, in trust or otherwise, of intangible property from a resident of this state. No claim is made that § 1261 of the Revision of 1918, which was in effect at the time of the creation of the trust, is applicable here rather than § 12-340 and, in any event, the pertinent parts of the two sections are in substance the same. Section 12-341 (d), with which we are concerned, provides that such a transfer shall be taxable if made "by gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor." This provision has been in effect continuously since 1915. *Miller* v. *Connelly,* 142 Conn. 144, 147, 112 A.2d 202. At the time the *Hackett* case was decided, the law was already settled that the Connecticut succession tax could properly be imposed on a transfer, by an irrevocable trust, of intangible personal property located outside the state, by a Connecticut domiciliary, to trustees outside the state, to pay the income to the transferor for life and at his death to pay the corpus to designated beneficiaries. *Blodgett* v. *Guaranty Trust Co.,* 114 Conn. 207, 213, 158 A. 245, aff'd, 287 U.S. 509, 53 S. Ct. 244, 77 L. Ed. 463. The *Hackett* case added only the element that, in that case, the settlor of the trust acquired a Connecticut domicil after creating one of the trusts.

The nature and applicability of the tax established by § 12-341 (d) has been fully discussed in previous decisions of this court. The tax is imposed on the privilege of succeeding to the right of possession or enjoyment of property from a former owner at his death; *Pape* v. *Sullivan,* 151 Conn. 39, 43, 193 A.2d 480; even though the shifting of enjoyment follows from a prior transfer of title inter vivos; *Bryant* v. *Hackett,* 118 Conn. 233, 244, 171 A. 664; *Miller* v. *Connelly,* supra, 148; or as a result of a contractual obligation. *Seymour Trust Co.* v. *Sullivan,* 152 Conn. 282, 286, 206 A.2d 420; *Dolak* v. *Sullivan,* 145 Conn. 497, 502, 144 A.2d 312.

The plaintiff asserts that Mrs. Bunting retained only a life income from the corpus of this trust and that such an interest is insufficient for the application of the doctrine of mobilia sequuntur personam. A distinction is thus sought to be made between this case and *Hackett* v. *Bankers Trust Co.,* supra, in which, the plaintiff says, "the settlor retained substantial control over the trust assets by his investment and reinvestment powers." The element of "control," however, is not crucial and was not basic to the decision in the *Hackett* case. "What is sought to be taxed is not the property itself but 'rather and only the . . . succession to . . . the title and beneficial enjoyment of the property which took place by reason of [the] death. . . . The thing the transfer of which is taxed is "an incorporeal property right which attaches to the person of the owner in the State of his domicil." ' " *Hackett* v. *Bankers Trust Co.,* supra, 122.

Where a trust is involved, the doctrine of mobilia sequuntur personam treats intangibles as being owned by a settlor at death and as having their situs, for purposes of the succession tax, in the

state of the settlor's domicil. *Blodgett* v. *Silberman,* 277 U.S. 1, 10, 48 S. Ct. 410, 72 L. Ed. 749; *Bryant* v. *Hackett,* supra, 248. Since the tax is imposed on the shifting of possession and enjoyment of the property at the death of the settlor, his domicil at that time controls. *Central Hanover Bank & Trust Co.* v. *Kelly,* 319 U.S. 94, 98, 63 S. Ct. 945, 87 L. Ed. 1282. The domicil of the settlor at the time of his death is the logical place for the imposition of the tax unless the intangible trust assets have acquired a business situs elsewhere, and no such claim is made in this case.

Under the facts of this case, Mrs. Bunting retained an interest in the intangibles forming the corpus of this trust which could be described as an equitable life estate, in addition to which she could, to some degree, influence the administration of the trust by the exercise of her power to add to the corpus. For thirty-four years Mrs. Bunting enjoyed the protection of the laws of this state, she died here, and her estate is being probated here. The possibility that another state might also subject this tranfer to a tax is immaterial. *Blodgett* v. *Silberman,* supra. One who extends his activities in trusts and intangibles beyond the borders of a single state does so at his own risk. *Curry* v. *McCanless,* 307 U.S. 357, 367, 59 S. Ct. 900, 83 L. Ed. 1339.

While legal title to these intangibles had passed to the trustees in 1922, the equitable life estate in them remained in Mrs. Bunting with a remainder in her named beneficiaries to take effect on her death. At her death, this remainder was, by her direction, transferred to the possession and enjoyment of those beneficiaries, and that transfer is properly subject to the Connecticut succession tax.

We find no reason for distinguishing the *Hackett* case, nor do we find persuasive the reasoning of *MacClurkan* v. *Bugbee,* 106 N.J.L. 192, 150 A. 443, or *Commonwealth* v. *Morris,* 196 Va. 868, 86 S.E.2d 135, which the plaintiff urges us to adopt.

The plaintiff also claims that the imposition of the tax would lead to injustice in this case because the executor may be compelled to pay the tax without an opportunity to obtain reimbursement from the nonresident remaindermen against whose share it is imposed. General Statutes §§ 12-376, 12-378, 12-384, 12-385; see *Ericson* v. *Childs,* 124 Conn. 66, 79, 198 A. 176; *Hackett* v. *Bankers Trust Co.,* supra, 126. The claim is unsound. Three of the remaindermen under the trust, two of whom are nonresidents, are, as already indicated, the three legatees under the will, and the tax on their respective interests can be recouped from their shares of the decedent's estate. § 12-385. The other remaindermen are, according to the stipulated facts, the widow and two children of Mrs. Bunting's deceased son William, of Westport, Connecticut. No difficulty would thus appear to be presented to the executor in enforcing reimbursement by them of any payment made by him. While no likelihood of injustice therefore appears in this case, the fact that an injustice might arise under other circumstances would not affect the imposition of the tax. *Hopkins' Appeal,* 77 Conn. 644, 654, 60 A. 657.

We answer "Yes" to each of the questions propounded in the reservation.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.