ESTATE OF PERRY : STATE, Appellant, v. PERRY, Respondent.*

*May 10—June 6, 1967.*

* Motion for rehearing denied, without costs, on August 22, 1967.

For the appellant the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Richard E. Williams,* inheritance tax counsel, of counsel.

For the respondent there was a brief by *Godfrey, Godfrey, Neshek & Conway* of Elkhorn, and oral argument by *Thomas G. Godfrey.*

HEFFERNAN, J. The question presented on this appeal is whether the transfer at the death of the settlor, then a resident of Wisconsin, of the assets of a revocable *inter vivos* trust created and funded at a time he was a nonresident is subject to Wisconsin inheritance taxation under sec. 72.01 (3), Stats., when the assets of the trust were never physically within the state.

The Wisconsin inheritance tax authorities rely upon sec. 72.01 (3) (b), Stats., which provides:

"72.01 **Subjects liable.** A tax shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, association or corporation, in the following cases, except as hereinafter provided:
". . .
"(3) TRANSFERS IN CONTEMPLATION OF DEATH OR TO TAKE EFFECT AFTER DEATH. . . .
"(b) When a transfer is of property, made without an adequate and full consideration in money or money's worth by a resident or by a nonresident when such nonresident's property is within this state, or within its

jurisdiction, by deed, grant, bargain, sale or gift, intended to take effect in possession or enjoyment at or after the death of the grantor, vendor or donor, including any transfer where the transferor has retained for his life or for any period not ending before his death: 1 the possession or enjoyment of, or the right to the income, or to economic benefit from, the property, or 2 the right, either alone or in conjunction with any person, to alter, amend, revoke or terminate such transfer, or to designate the beneficiary who shall possess or enjoy the property, or the income, or economic benefit therefrom."

The state takes the position that the transfer made relevant, and hence taxable under this statute, is the transfer of the remainder interest in the unrevoked trust to the beneficiaries upon the occasion of the settlor's death. The respondent, however, contends, and the trial court agreed, that the transfer referred to was the one that occurred when the settlor created the trust and conferred the legal title of the assets upon the trustees. If the respondent is correct in that contention, the transfer is not taxable, for the statute provides that, in the event the property is not physically within the state, its transferor must be a resident of the state, and Perry was concededly a resident of Illinois at that time.

We conclude, however, that no transfer of the type contemplated by the Wisconsin inheritance law took place until Perry's death, when he was a resident.

From the time of the creation of the trust and the transfer of assets to it, and until Perry's death, Perry retained the full equitable interest in the trust and had the power to exercise all the indicia of absolute ownership. He could revoke the trust and withdraw its assets, and the income was to be paid to him. At best this was a naked trust, the value of which to the beneficiaries was dependent upon the settlor's management skills, his restraint in using the trust assets, and the nonexercise of the power to revoke prior to death. In fact, nothing but an expectation was conveyed to the donees, and even the trustees received only a bare legal title to the assets. The

settlor parted with little of value, and the donees received nothing by virtue of the transfer to the trustees.

In *Nunnemacher v. State* (1906), 129 Wis. 190, 108 N. W. 627, the inheritance tax was held to be constitutional as a tax upon the right to receive property. In *Estate of Bullen* (1910), 143 Wis. 512, 518, 128 N. W. 109, the same rationale was followed and the inheritance tax in Wisconsin was described as "a tax upon the transfer, transaction, or right to receive property." In *Estate of Week* (1919), 169 Wis. 316, 318, 172 N. W. 732, we stated that the transaction on which the inheritance tax is imposed is:

". . . the passing of property from the dead to the living. . . . The transfer contemplated occurs at the instant of death. *State v. Pabst,* 139 Wis. 561, 121 N. W. 351."

In *Estate of Stephenson* (1920), 171 Wis. 452, 457, 177 N. W. 579, this court said:

"Language could not very well be more clear and explicit to the effect that for taxing purposes the tax accrues and the transfer takes place as of the time of the death of the transferor."

In *Estate of Ogden* (1932), 209 Wis. 162, 167, 244 N. W. 571, the court made the following statements that are particularly relevant to the case at bar:

"In the decisions interpreting statutes of this character the general holding is that where the right to possession and enjoyment is suspended until the donor's death the interest does not reach the donee until that event occurs, and that the succession to that interest is taxable. . . . In order to escape the tax in this state the transfer must pass property from the transferor with all the attributes of ownership independently of his death."

On page 169, this court in *Ogden, supra,* stated:

"The tax here sought to be enforced is a tax upon succession to the possession and enjoyment of property. The gift was not completed and the use and enjoyment

never passed to the donee until the death of the donor, and so long as this privilege could not be exercised by the donee it is subject to the tax."

In the case at bar, the beneficiaries of the trust received the interest of the donor only at the death of the donor, Homer G. Perry. As we said in *Ogden, supra,* at page 167, "Then and then only was there a shifting of economic use and benefit of the property to the donee." It is the right to receive the benefits of the shifting of the economic use of the property from the decedent to the beneficiary that is taxable.

It is apparent that it is this transfer—the transfer at death, when by the fact of death the donor surrenders his life interest and his power to revoke—that sec. 72.01 (3) (b), Stats., seeks to tax. The donor was admittedly a resident of the state at that time, and the transfer is taxable under the statute. [1]

*By the Court.*—Order reversed, and cause remanded, with directions to enter an order imposing an inheritance tax upon the trust funds in question and for the recomputation of the tax not inconsistent with this opinion.

[1] Connecticut has recently reached a similar result in a case involving a Massachusetts trust funded by a Connecticut decedent at a time when she was a Massachusetts resident. In *Bunting v. Sullivan* (1965), 152 Conn. 331, 206 Atl. (2d) 471, the Connecticut supreme court of errors held:

"While legal title to these intangibles had passed to the trustees in 1922, the equitable life estate in them remained in Mrs. Bunting with a remainder in her named beneficiaries to take effect on her death. At her death, this remainder was, by her direction, transferred to the possession and enjoyment of those beneficiaries, and that transfer is properly subject to the Connecticut succession tax."