ESTATE OF MUELLER: MUELLER and another, Executors, Appellants, v. DEPARTMENT OF TAXATION, Respondent.

*No. 306. Argued May 1, 1970.—Decided June 2, 1970.*
(Also reported in 177 N. W. 2d 60.)

338

340

For the appellants there was a brief by *Schultz, Slechta & D'Aoust* of Jefferson, and oral argument by *Dean C. D'Aoust*.

For the respondent the cause was argued by *E. Weston Wood*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

WILKIE, J. A single comprehensive issue is presented on this appeal: When a Wisconsin resident dies possessed of a special testamentary power of appointment over the intangible assets of an irrevocable trust established by the will of an Illinois resident, administered in Illinois by an Illinois corporate trustee, which power had previously been limited by the Wisconsin resident from a general power to a special power to appoint to certain people, though not limited enough to include the power within the exception from taxation provided in sec. 72.01 (5), Stats., and when such Wisconsin resident was during her life the beneficiary of one half of the income from such trust, and such Wisconsin resident elected not to exercise her self-limited testamentary power of appointment, thereby causing the trust assets to be distributed to her children according to the settlor's plan in the event of a default in exercise, can such trust assets be constitutionally included in the Wisconsin resident's estate for the purposes of Wisconsin inheritance tax?

It is undisputed that the deceased, when she voluntarily executed a limitation on her general testamentary power of appointment over the trust assets, failed to limit the power sufficiently to bring it within the exception to powers taxation found in sec. 72.01 (5), Stats. Thus, it seems that the power held by deceased is, on its face, within the definition of the statute and the transfer

resulting from the decedent's failure to exercise the power of appointment would be taxable under the explicit terms of the statute. The real question, therefore, is not the meaning of the statute, for that is clear, but rather, whether Wisconsin can constitutionally tax the transfer of the trust assets occurring as a result of the nonexercise of testatrix's limited power of appointment.

In *Montague v. State*,[2] this court held that a transfer resulting from the failure of a Wisconsin-residenced donee of a power to appoint concerning Wisconsin real estate was subject to Wisconsin inheritance tax equally with a transfer resulting from an appointment.

Appellants contend that *Montague* is distinguishable on the ground that that case involved Wisconsin real estate, whereas the instant case involves intangible property located in Illinois.

It should be noted, however, that here we are not dealing with a tax on property nor the taxing of a power of appointment. The focal point is a tax on the transfer of property from a decedent who by virtue of her power of appointment is by the express language of the statute deemed to be the absolute owner of the property to which her power of appointment relates.[3]

Two recent cases have been decided by the courts of Ohio and Colorado which presented questions similar to the one here raised. Those two courts reached opposite conclusions on the facts presented. Because of the similarity between those two cases and this case an extended discussion of them is in order.

*Colorado v. Cooke* [4] is almost identical to the instant situation. In that case, the mother of the decedent, while

---

[2] (1916), 163 Wis. 58, 157 N. W. 508.

[3] *See Estate of Rohnert* (1944), 244 Wis. 404, 409, 12 N. W. 2d 684. *See generally:* Thompson, *Inheritance Taxation and Powers of Appointment*, 1939 Wis. L. Rev. 254; Annot. (1951), 19 A. L. R. 2d 1415.

[4] (1962), 150 Colo. 52, 370 Pac. 2d 896.

both were residents of Connecticut, established a trust with a New York trustee, with the income to be paid to decedent for her life and with a general power of appointment in the decedent. The trust assets consisted of intangibles which were kept in New York at all times. Subsequently, the decedent, while a resident of New Jersey, reduced her general power to a special power by limiting her right to appoint the principal of the trust to her spouse, her descendants, a brother or sister, or descendants of a brother or sister. In 1957 she died domiciled in Colorado and by her will admitted to probate there, she declined to exercise the power of appointment. In accordance with the terms of the trust, the assets were then distributed to decedent's children.

The lower court held that Colorado taxation of the succession to the trust assets would contravene the fourteenth amendment. The Colorado Supreme Court reversed the lower court and sustained the application of a Colorado statute identical in all material respects to our sec. 72.01 (5), Stats. The Colorado court reasoned as follows:

(a) The state in which the owner of intangibles is domiciled may impose an inheritance tax on those intangibles even though the paper evidence of the intangibles is situated outside the state of domicile of the decedent owner. *Central Hanover Bank & Trust Co. v. Kelly.*[5]

(b) The power to dispose of property at death is the equivalent of ownership for estate and inheritance tax purposes. *Graves v. Schmidlapp.*[6]

(c) A succession tax in the state of the domicile of the decedent on intangibles situated in another state does not violate the due process clause by reason of the

---

[5] (1943), 319 U. S. 94, 63 Sup. Ct. 945, 87 L. Ed. 1282.
[6] (1942), 315 U. S. 657, 62 Sup. Ct. 870, 86 L. Ed. 1097.

fact that there is a failure to exercise the general power of appointment. *Graves v. Elliott.*[7]

(d) A special power of appointment is in the same class as a general power of appointment for purposes of inheritance or estate taxes. *Whitney v. Tax Commission.*[8]

(e) Thus, a general power of appointment, exercised or not, is a proper foundation upon which to impose a succession tax, even though the intangible assets are located in a state other than that where the person possessing the power of appointment is domiciled.

The Colorado court, concluding that the nonexercise of a special power of appointment over intangibles located in another state was a taxable transfer, constitutionally permissible, said:

"We fail to perceive a distinction between the situation which arises from the nonexercise of a general power and that which arises from the nonexercise of a special power. In either case, beneficiaries named in the trust receive their bounty by the inaction of the decedent. The failure to act affects the course of succession just as fully as if the power had been exercised, and until the failure is complete the succession is not fully determined. Where the donee of the power of appointment holds the power, he is in control of the succession. He can allow it to go to the persons named in the trust or he can appoint others within the limits of the power of appointment—limits which, by the way, the donee in this case imposed upon herself." [9]

We adopt the analysis by the Colorado court.

As opposed to *Cooke,* a divided Ohio Supreme Court decided the case of *Schneider v. Laffoon.*[10] In that case a Kentucky resident created an *inter vivos* trust by irrevocably conveying certain intangible assets to a Kentucky

[7] (1939), 307 U. S. 383, 59 Sup. Ct. 913, 83 L. Ed. 1356.

[8] (1940), 309 U. S. 530, 60 Sup. Ct. 635, 84 L. Ed. 909.

[9] *Colorado v. Cooke, supra,* footnote 4, at page 60.

[10] (1965), 4 Ohio St. 2d 89, 212 N. E. 2d 801.

trustee. The income beneficiary of the trust was the settlor's wife who subsequently became an Ohio resident. This beneficiary was given a general power of appointment over the trust income and a special power of appointment over the trust principal. None of the trust assets had any relationship to Ohio. The power was exercisable only by a modification of trust in writing signed by the donee and delivered to the trustee. The donee exercised the power twice during her lifetime; first, by specifying in writing that the income from the trust be paid to her for life and then by specifying in writing that on her death her son was to receive four fifths and the children of her deceased daughter one fifth of the trust estate.

The Ohio court noted that although the donee exercised the power during her lifetime, since she could have exercised it again at any time before her death, her failure to do so represented a nonexercise of the power.

The Ohio Tax Commission, relying on *Cooke,* contended that for the purposes of inheritance taxation, Ohio could validly tax the privilege of succession to appointive property irrespective of that property's physical location.

The Ohio court rejected the Colorado conclusion that there is no "distinction between . . . the nonexercise of a general power and . . . the nonexercise of a special power." [11] by stating:

". . . [T]he Colorado court failed to recognize that the exercise of a power, requiring some aid from the law of the state where the donee of the power resides, furnishes a justification for a tax which is not present where the power can be exercised so as to transfer title to the appointed property without any help whatever from the law of that state. . . . Where there is a nonexercise of a power created by a nonresident to appoint property outside the state, the law of the state where the donee re-

[11] *Colorado v. Cooke, supra,* footnote 4, at page 60.

sides contributes nothing to the passing of title that can provide any justification for an inheritance or succession tax on that passing." [12]

The Ohio court pointed out why, in its opinion, the Colorado court's reliance on the various United States Supreme Court cases was misplaced. For example, the *Laffoon* court states that in *Central Hanover Bank & Trust Co. v. Kelly,* the owner of intangible property had set up a trust in a state other than his domicile under which the trust income was to be paid to that owner for life with remainders over. According to *Laffoon,* in *Central Hanover Bank* the owner was domiciled in the taxing state not only at his death but also at the time the trust was created and the precise holding was " 'that the *creation* of the . . . *remainders* . . . *was* a *"transfer"* . . . in contemplation of . . . death and intended to take effect in possession or enjoyment at or after . . . death; and that *it was that transfer* . . . *on which* the *tax* was laid.' " [13]

Further, the *Laffoon* court states that *Graves v. Schmidlapp* did *not* decide that " 'for succession tax purposes . . . the donee of a power of appointment' *always* stands 'in the same position as the original owner of intangible personal property.' " [14] According to *Laffoon,* if this were true then *Graves v. Schmidlapp* would not have said " '. . . it is the *exercise* of the *power* to dispose of the intangibles which *is* the *taxable event* . . . .' " [15]

In addition, *Laffoon* observes that in *Whitney v. Tax Commission* the donor and donee of the power were both at all times domiciled in New York, and the property subject to the power was New York property; the holding

[12] *Schneider v. Laffoon, supra,* footnote 10, at page 100.

[13] *Id.* at page 101.

[14] *Id.*

[15] *Id.*

was that the exercise of the power by a New York will was taxable in the estate of the donee.

However, as the sharp dissenting opinion notes, upon analysis the majority's criticism of the Colorado decision amounts to a disagreement with the pronouncements of law which have been made by the Supreme Court of the United States.[16] At best, the distinctions drawn are without difference.

In addition, the Ohio case distinguishes itself from the instant case when that court says:

"In the instant case [Laffoon], the *transfer sought to be taxed* is *dependent for* its *effect upon no Ohio will or other* Ohio *instrument* or *upon no Ohio law* whatever *or upon no other privilege that Ohio confers.* The *power* was *exercised,* and could only be exercised, *by delivery of* an *instrument in Kentucky to* the *Kentucky trustees.* It *could not even have been exercised by* an *Ohio will.*"[17]

Here, the power could have been exercised by a Wisconsin will and was, in fact, specifically *not* exercised by a Wisconsin will of a Wisconsin domiciliary.

Accordingly, the county court emphasized the fact that the decedent's will was admitted to probate in Wisconsin when it stated:

". . . The succession depended upon her exercise (or nonexercise) of the power. She chose not to exercise the power given her and employed her last will as the instrument by which direction was given to the First National Bank of Chicago for distribution of the trust. The admission of her will to probate in the county court of her domicile in Wisconsin was the authority which enabled the trustee to act.

"The decedent thereby made a very definite use of the courts and laws of the state of Wisconsin to transfer this property . . . ."

---

[16] *Schneider v. Laffoon, supra,* footnote 10, dissenting opinion at page 108.

[17] *Id.,* majority opinion at page 102.

The county court was entirely correct when it, in essence, concluded that there was a sufficient nexus to permit Wisconsin to tax.[18] This nexus includes:

1. The fact that the nonexercise of the power as indicated in decedent's Wisconsin will triggered the transfer to her children who would have been the natural objects of her bounty anyway had she decided to exercise her power.

2. The fact that she received income for life from the trust while in Wisconsin.

3. The fact that she voluntarily in 1944 reduced the power from general to special here in Wisconsin using Wisconsin lawyers and Wisconsin practice methods to do so.

4. The fact that her children, takers in default, are Wisconsin residents.

5. The fact that she was at the time of her death and at the time of her decision not to exercise the power, a Wisconsin domiciliary. As was said in *Graves v. Schmidlapp*,[19] ". . . the sovereign's control over his person and estate at the place of his domicile, and his duty to contribute to the financial support of government there, afford adequate constitutional basis for the imposition of a tax."

Moreover, we think that this court's recent decision in *Estate of Perry*,[20] militates strongly in favor of the imposition of a tax in this case. In *Perry,* the decedent had established a revocable trust while a resident in Illinois and had then moved to Wisconsin. At his death this state properly taxed the succession to the intangible

[18] *See generally: Pabst v. Department of Taxation* (1963), 19 Wis. 2d 313, 120 N. W. 2d 77.

[19] *Supra,* footnote 6, at page 660. *See also: Curry v. McCanless* (1939), 307 U. S. 357, 59 Sup. Ct. 900, 83 L. Ed. 1339, 123 A. L. R. 162.

[20] (1967), 35 Wis. 2d 412, 151 N. W. 2d 58.

assets of the trust, although the property never was physically within Wisconsin, since under sec. 72.01 (5), Stats., the succession resulting from the exercise or nonexercise of a general or special power of appointment (except a special power expressly excluded from the statute) is taxable in the same manner as though the property belonged to the donee of the power.

We conclude that Wisconsin has jurisdiction to tax in this case.

*By the Court.*—Order affirmed.