ARTHUR P. WARNER, EXECUTOR (ESTATE OF MARION P. WARNER), ET AL. *v.* GERALD J. HEFFERNAN, TAX COMMISSIONER

SUPERIOR COURT　　　NEW HAVEN COUNTY　　　FILE No. 144138

Memorandum filed October 30, 1975

*Reilly, Peck, Raffile & Lasala,* for the plaintiffs.

*Edward J. Turbert,* inheritance tax attorney, for the defendant.

RUBINOW, J. On July 2, 1956, the plaintiff's decedent, Marion Page Warner, transferred to Allan H. Page certain premises on Ansonia Road in Woodbridge. The deed recited that it was being made "for the purpose of having the said above described premises immediately reconveyed to myself and to Arthur P. Warner and Margaret W. Rice" in survivorship. On the same day, Allan H. Page retransferred the premises in survivorship to Marion Warner and her children, Arthur P. Warner and Margaret W. Rice. Marion Warner died on August 2, 1974. On May 19, 1975, the Probate Court for the district of New Haven entered a decree that the "real estate transferred to [Arthur P. Warner and Margaret W. Rice] July 2, 1956, is wholly taxable as a transfer under the provisions of Section 12-341b (d) of the General Statutes of the State of Connecticut." The executor of Marion Warner's estate has taken an appeal from that decree, claiming that under General Statutes § 12-343 the premises are taxable in the estate of Marion Warner only to the extent of one-third of its value.

The evidence establishes that when Marion Warner and her husband were both alive, she and he had jointly occupied the premises and that she continued to occupy it after his death. After the conveyances of July 2, 1956, and until her death, she continued to have complete dominion over the premises, paid the taxes on it, occupied it, and maintained it as her own, without any recognition by her of any rights or duties of her children concerning it, and she possessed and enjoyed the premises to the exclusion of any possession or enjoyment of it on the part of either of her co-owners of record.

The executor claims that following the conveyances Marion Warner and her children had, in the language of the first sentence of General Statutes § 12-343, "the right . . . to the immediate owner-

ship or possession and enjoyment" of the premises.[1] That right was vested in Marion Warner and her children under both the common-law rules and the statutory rules concerning cotenants in survivorship. See General Statutes §§ 47-14a to 47-14k. Therefore, the executor claims in his brief, "[t]he only transfer effective at the death of Marion P. Warner was with respect to her ⅓ interest. The transfer of the remaining ⅔ interest was fully effective in 1956 and even more so in 1959 [when General Statutes §§ 47-14a et seq. were enacted]." That claim of the executor would clearly be tenable if the only language relevant to the present appeal were that in the first sentence of General Statutes § 12-343.

Section 12-343 contains, however, relevant language in addition to that in its first sentence. The second sentence of that statute says, in pertinent part, that "[t]he provisions of this section shall not be construed to prevent the taxability, in whole or in part, under the provisions of subsection . . . (d) of section . . . 12-341b of any property held in the joint names of two or more persons and the survivor of them." General Statutes § 12-341b (d) pro-

---

[1] The concurring opinion in *Blodgett* v. *Union & New Haven Trust Co.*, 111 Conn. 165, 177, stated that the tax imposed by what is now General Statutes § 12-343 "bears scant resemblance to a . . . [succession] tax." The relevant part of that statute says that "the right of the survivor or survivors to the immediate ownership or possession and enjoyment" of property held in survivorship "shall be a taxable transfer." Read literally, the statute converts a present "right" into a "taxable transfer." Nevertheless, the statute has been construed and applied as if it read like the analogous New York statute (cited in *Blodgett,* supra, 176): "Whenever property is held in the joint names of two or more persons, . . . *upon the death of one of such persons* the right of the . . . [survivor or survivors] to the immediate ownership or possession and enjoyment of such property shall be *deemed* a . . . [taxable transfer] . . . ." (Italicized words are not in General Statutes § 12-343.) N.Y. Sess. Laws 1916, c. 323 § 83, p. 866. *McLaughlin* v. *Estate of Cooper*, 128 Conn. 557, 561, is an example of that construction of the statute. See General Statutes § 12-363, which implicitly assumes that construction.

vides that a transfer shall be taxable if it is made "by . . . grant intended to take effect in possession or enjoyment at or after the death of the transferor." The intention that is relevant under that section is the intention of the transferor. See *Connelly* v. *Waterbury National Bank,* 136 Conn. 503, 508. Even if a transfer creates present interests in a donee, that transfer is taxable if the transferor intends that the possession or enjoyment of those interests shall not take effect until the death of the transferor. Hence, it is irrelevant that, as claimed by the executor, the grant was "absolute in nature" or that Marion Warner did not reserve a "life estate" or a "right of possession . . . [or] establish a right of possession."

Although the transfer initiated by Marion Warner had the effect of creating a present tenancy in survivorship with her children,[2] the creation of that tenancy was coupled with an intention on her part that the "enjoyment or possession" of the interests vesting in her children was to be deferred until after her death. That intention was, of course, not evidenced by any declarations in the deed, but that is immaterial because the critical element is the intention of the transferor, not what is formally recited in the grant. An obvious example of a variance between the formal language in the grant and the intention of the transferor is an unqualified transfer of a fee interest coupled, however, with an oral agreement between the parties that the transferor is to have an exclusive life use of the transferred property. In the present case, although there was no such collateral agreement expressed, the intention of not only the transferor but also the

---

[2] The commissioner does not claim that the grant was void as an attempted testamentary disposition. Cf. *Bowen* v. *Morgillo,* 127 Conn. 161.

transferees was clearly that the latter were not to have either possession or enjoyment of the premises until at or after the death of their mother.

Accordingly, the decree of the Probate Court for the district of New Haven should be affirmed.

The appeal is dismissed.