IN the MATTER OF the ESTATE OF Elsina N. PARSONS, Deceased:

Theodore Whittier PARSONS, Donald Gordon Parsons, David Leonard Parsons, Virginia Elizabeth Oberg (nee Parsons), Katherine Bosier Parsons and Wisconsin Valley Trust Company, Petitioners-Appellants,

v.

WISCONSIN DEPARTMENT OF REVENUE, Respondent.†

Court of Appeals

*No. 83–1649. Submitted on briefs April 9, 1984.— Decided May 15, 1984.*
(Also reported in 350 N.W.2d 722.)

† Petition to review granted.

For the appellants the cause was submitted on the joint briefs of *Raleigh Woolf* of Milwaukee for individual appellants and *John F. Michler* and *Ruder, Ware, Michler & Forester, S.C.,* of Wausau, for Wisconsin Valley Trust Company.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *John J. Glinski,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J. The petitioners appeal an order that directs the Wisconsin Department of Revenue to tax the distribution of the corpus of the Elsina N. Parsons trust according to Wisconsin's inheritance tax laws, ch. 72, Stats. They contend that Wisconsin has no power to tax the distributions because Wisconsin has no jurisdiction over the trust or its assets and that the major portion of the assets were transferred when the trust was established and not at Elsina's death. Because we conclude that a transfer of all of the trust assets occurred at Elsina's death and that Wisconsin has jurisdiction to tax the transfers, we affirm.

Elsina, while residing in Illinois, established an irrevocable trust in 1964 and named an Illinois trust company as trustee. The trust was funded with intangible assets that were kept in Illinois. Elsina was to receive the trust income for life and retained the right to withdraw up to $100,000 of the trust corpus at her sole discretion. She withdrew $23,425. She was to receive at least $12,000 per year from the trust and, if the trust income fell below that amount, the shortfall was to be made up by distributions from the trust corpus. Further provision was made for distributions to Elsina from the corpus by the trustee for her "welfare, comfort, support, care and medical

attention" or for any other purpose the trustee deemed to be in her best interests, without regard to any obligation to preserve the trust for the beneficiaries. Finally, Elsina had the power to replace at will any trustee with another corporate trustee. At her death, the corpus was to be divided among the individual appellants, none of whom were Wisconsin residents.

Elsina moved to Wisconsin in 1967 and remained a Wisconsin resident until her death in 1978. After her death, the department of revenue imposed an inheritance tax on the distributed shares of the trust corpus.

The distributions of the trust assets after Elsina's death are taxable under Wisconsin's inheritance tax laws.[1] The petitioners concede that the portion of the $100,000 principal that Elsina had the power to withdraw but did not withdraw is taxable, but contend that the balance of the trust assets were transferred when the trust was created. We conclude that this question was resolved by *Estate of Perry,* 35 Wis. 2d 412, 151 N.W.2d 58 (1967).

In *Perry,* the supreme court held that the distribution at the grantor's death of the assets of a trust created when the grantor was a nonresident and maintained in another state was a transfer taxable under sec. 72.01(3) (b)1, Stats. (now sec. 72.12(4)(b)1, Stats.). That section taxes property transfers that take effect at or after the transferor's death and includes transfers where the transferor retains for life the possession or enjoyment of, or the right to the income from, the property. Although the trust in *Perry* was revocable, the court's reasoning centered not on the retained power to revoke but on the economic benefit that the beneficiaries received at the grantor's death. "[T]he beneficiaries of

---

[1] The trust consisted of only intangible property. We are not holding that tangible property would be taxable under these circumstances. That question is not before us.

the trust received the interest of the donor only at the death of the donor." *Perry* at 417, 151 N.W.2d at 60. "A gift was not completed, and the use and enjoyment never passed to the donee[s] until the death of the donor, and, so long as this privilege could not be exercised by the donee[s], it is subject to the tax." *Id.,* citing *Estate of Ogden,* 209 Wis. 162, 169, 244 N.W. 571, 574 (1932). *Perry* also cites a Connecticut case, *Bunting v. Sullivan,* 206 A.2d 471 (Conn. 1965), where the grantor retained no powers over the trust. *See Perry* at 417 n. 1, 151 N.W.2d at 60 n 1. In *Bunting,* the Connecticut court held that, while legal title to the trust assets passed before death, the remaindermen received the possession and enjoyment of the trust only after the grantor's death and that this was a transfer subject to Connecticut's succession tax. *Bunting* at 474.

██ The beneficiaries of the Parsons trust had no right to the use and enjoyment of the trust assets until Elsina's death. Under the trust agreement, it was possible for her to have consumed the entire trust corpus through distributions for her welfare, comfort, support, care, or any purpose deemed to be in her best interests by the trustee she chose. We conclude that the beneficiaries received an economic benefit only when Elsina died and that, under *Perry,* this was a taxable transfer.

We also reject the petitioners' argument that Wisconsin has no constitutional power to tax the distributions because it had no jurisdiction over the trust or its assets. To impose a tax, a state must have jurisdiction over the thing taxed. *Frick v. Commonwealth of Pennsylvania,* 268 U.S. 473, 492 (1925). The petitioners contend that Elsina's limited powers over and rights to the trust do not give Wisconsin jurisdiction over intangible assets that were never physically within the state, and they cite numerous Supreme Court and other states' decisions

to support their claim. Our decision relies, however, on the Supreme Court's decision in *Central Hanover Bank & Trust Co. v. Kelly*, 319 U.S. 94 (1943).

In *Central Hanover*, a New Jersey resident established an irrevocable trust in New York with securities he had kept in New York. A New York trustee managed the trust under New York laws. The grantor retained no control over the property except the right to the trust income during his life. The grantor died domiciled in New Jersey, and the trust assets went to non-New Jersey residents. The Supreme Court held that New Jersey had jurisdiction to tax the transfer of the trust assets after the grantor's death. *Id.* at 98.

Although the grantor in *Central Hanover* resided in New Jersey when the trust was established, this fact is not determinative. The Court pointed out that New Jersey law determined that the transfer occurred when the trust was established and that the court was bound by this local determination. But the Court's reasoning focused on the grantor's domicile in New Jersey both while the trust existed and at the time of his death. The Court noted that "if the transfer . . . [took] place only at the time of the grantor's death, there is no constitutional reason why the result need be different." *Id.*

The command of the state over the owner, the obligations which domicile creates, the practical necessity of associating intangibles with the person of the owner at his domicile since they represent only rights which he may enforce against others—these are the foundation for the jurisdiction of the domiciliary state to tax.

*Id.* at 96–97. "The significant facts are that the rights of the remaindermen derived solely from the trust agreement and that the grantor died domiciled in New Jersey." *Id.* at 98; *see also Whitney v. State Tax Commission of New York*, 309 U.S. 530 (1940).

If New Jersey could tax the trust distributions in *Central Hanover,* Wisconsin certainly has jurisdiction to tax the Parsons trust distributions. Elsina not only resided in Wisconsin for ten years while the trust existed, but she retained rights in and powers over the trust far beyond the mere right to income retained by the grantor in *Central Hanover.* Elsina could receive up to $100,000 of the corpus at will, and was guaranteed at least $12,000 per year from the trust. The trustee could make distributions to Elsina from the corpus for her welfare, comfort, support, and care, or for any purpose the trustee deemed in Elsina's best interests, all without regard to any obligation to preserve the trust estate for the beneficiaries. Combined with her power to replace any trustee at any time, this gave Elsina considerable power over distributions of the trust corpus. She certainly could, if she were so inclined, have found a corporate trustee who would find it in her best interests to provide her with the entire trust corpus. The trustee could do so under the trust agreement without regard to the beneficiaries' interests. Under these circumstances, the State of Wisconsin has jurisdiction to tax the trust distributions.[2] California and Connecticut have reached the same conclusion under similar circumstances. *See Estate* of *Elsman,* 74 Cal. App. 3d 721, 141 Cal. Reptr. 657 (1977) ; *Bunting,* 206 A.2d at 471.

*By the Court.*—Order affirmed.

---

[2] Petitioners presented no evidence and did not argue that Wisconsin's tax is unfair because the distributions were taxed more than once.