[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the State of Connecticut, Commissioner of Revenue. Services brought pursuant to Conn. General Statutes Section 45-288, from an order and decree of the Probate Court for the District of Clinton.
An examination of the stipulation of facts and he exhibits presented by the parties reveals the following facts. On January 3, 1921, Charles Dard created a will giving Elsie P. Williams, as a grandchild of Charles Dard, an interest in a trust. (Stipulation of Facts — 8/10/90; Plaintiff's Exhibit 3, Article Fourth). Elsie P. Williams' interest in this trust consisted of: (1) the right to receive during her lifetime, "the net profits and income" from the trust created for her benefit; and (2) the power to dispose of the remainder in fee, by her last will after attaining the age of 21, "among such persons and in such proportion and manner as he or she may desire." (Plaintiff's Exhibit 3, Article Fourth). On December 24, 1942, Elsie P. Williams executed a document which purported to "release and relinquish" the power granted to her under the Charles Dard will to dispose of the remainder of the trust estate "among any persons other than persons within the class herein mentioned," and reserved the right to dispose of said remainder among a class consisting of certain relatives and charitable corporations. (Plaintiff's Exhibit 2). On November 30 1984, Elsie P. Williams died. (Stipulation of Facts, August 10, 1989). In her last will and testament, she partially exercised the power of appointment given to her in the Charles Dard will by leaving a total of $10,000.00 to two individuals. Plaintiff's Exhibit 1, Article Five). By the terms of the will of Charles Dard, the remainder of the trust not disposed of by Elsie P. Williams' will passes to her lawful issue. (Plaintiff's Exhibit 3, Article Fourth).
On January 10, 1986, the executors of the estate of Elsie P. Williams filed a succession tax return reporting the decedent's interest in the Charles Dard trust as being a special power of appointment and claiming this interest to be not taxable. (Stipulation of Facts, August 10, 1990). On the date of Elsie P. Williams' death, the value of her interest in the Charles Dard estate was $211,000.00. (Stipulation of Facts, August 10, 1990).
On August 30, 1988, the Honorable June S. Dressing, Probate Judge for the District of Clinton, issued an order and decree finding that Elsie P. Williams' interest CT Page 3669 in the Charles Dard trust was not subject to state succession tax. The State of Connecticut, Commissioner of Revenue Services, appeals from that order and decree.
Authority for Appeal
This appeal is authorized by Conn. General Statutes Section 45-288 (rev'd to 1989) which provides in pertinent part:
 Any person aggrieved by an order, denial or decree of a court of probate in any matter. . . may appeal therefrom to the superior court.
The State is aggrieved by the Probate Court's order and decree finding the subject transfer of Charles Dard trust property to be nontaxable, since the order and decree adversely affect the State's right to collect succession taxes, as set forth in Conn. General Statutes Section 12-340 et seq. See Department of Income Maintenance v. Watts, 211 Conn. 323, 326-27 (1989) (state was aggrieved and entitled to appeal probate ruling which ruling had a possible adverse impact on state's right to seek reimbursement for funds paid out as income maintenance).
Nature of Appeal
 An appeal from Probate Court to the Superior Court is not an ordinary civil action. (citations omitted). When entertaining an appeal from an order or decree of a Probate Court, the Superior Court takes the place of and sits as the court of probate. (citations omitted). . . .
 The function of the Superior Court in appeals from a Probate Court is to take jurisdiction of the order or decree appealed from and to try that issue de novo. (citations omitted).
Kerin v. Stangle, 209 Conn. 160, 264 (1988).
As a threshold matter, the court concludes that the decedent's interest in the trust created under Charles Dard's will consisted of two rights: (1) the right to receive the net income from the trust property during the decedent's lifetime (hereinafter referred to as the 1, decedent's life estate); and (2) the right to dispose of the remainder of the trust (hereinafter the "trust property") CT Page 3670 among anyone she designated in her last will (hereinafter referred to as the decedent's power of appointment).
An interest in property which terminates on the decedent's death such as a life estate, is not included in the decedent's gross estate for federal estate tax purposes. Bogert, Trust and Trustees, 2d Ed. Revised, "Problems of Taxation" Section 273, p. 46 (1977). "The test . . . is whether the interest of the decedent survived his death and could be transferred by him at his death. . ." Bogert, Section 273, p. 49. Connecticut's succession tax is a tax imposed upon the privilege of succeeding to the right of possession or enjoyment of property from a former owner at his death, and is levied on the part of the estate that passes to the transferees. Bunting v. Sullivan, 152 Conn. 331,336 (1965); Watrous v. Connelly, 141 Conn. 257, 262
(1954). Because the decedent's right to receive income from the Charles Dard trust terminated upon her death, this right cannot be deemed to be subject to succession taxes.
At the time of time decedent's death, she possessed a power of appointment over the Charles Dard trust property. In general, property that is transferred pursuant to the exercise of a general power of appointment is subject to succession tax pursuant to Conn. General Statutes Section12-345c. Nevertheless, Conn. General Statutes Section12-345c specifically provides that the failure to exercise a power of appointment which was created on or before October 21, 1942 shall not be deemed an exercise of the power and, therefore, is not a taxable transfer. All parties to this appeal agree that the decedent's power of appointment was created prior to 1942, and that the decedent only partially exercised the power by appointing a total of $10,000.00 in Article Five of her will.
In Connecticut, if the holder of a power of appointment does not expressly exercise that power, the appointive property passes in accordance with the wishes of the donor of the power, if the donor makes his wishes known in a provision for default of appointment, and does not pass pursuant to a general residuary clause in the holder's will. See DiSesa v. Hickey, 160 Conn. 250 (1971). Charles Dard's will contained such a provision for default of appointment and, therefore, the trust property not appointed by the decedent passes according to that provision in the Charles Dard will.
All parties agree that the total value of the Charles Dard trust property at the time of the decedent's death was $211,000.00. The sum of $201,000.00 is not CT Page 3671 subject to succession tax since the decedent did not exercise the power of appointment over that portion of the trust property.
As for the $10,000.00 worth of the trust property over which the decedent did exercise her power of appointment, Conn. General Statutes Section 12-345c does not impose a succession tax on that transfer of property because, prior to November 1, 1951, the decedent partially released her general power of appointment. Conn. General Statutes Section 12-345c provides in relevant part:
 If a general power of appointment created on or before October 21, 1942, has been partially released so that it is no longer a general power of appointment, the exercise of such power shall not be deemed to be the exercise of a general power of appointment if such partial release occurred before November 1, 1951. . . .
 (N.B.: Pursuant to Conn. General Statutes Section 12-345c only transfers occurring as the result of the exercise of a general power of appointment are taxable).
The parties to this appeal do not dispute that on December 24, 1942, the decedent executed the document labelled "Plaintiff's Exhibit. 2". "A general power is ordinarily defined as one which may be exercised in favor of anyone, including the donee and his estate . . . A special power, on the other hand, is one which may be exercised only in favor of a class of designated persons, not including the donee or his estate." Drummond v. Cowles, 278 F. Sup. 546,550 (D.Conn. 1968). By the document labeled "Plaintiff's Exhibit 2", the decedent partially released the power of appointment given to her under the Charles Dard will so that was no longer a general power of appointment. Consequently, pursuant to Conn. General Statutes Section 12-345c, property transferred as a result of that partially released power of appointment is not subject to succession tax. Therefore, no succession tax is due on the $10,000.00 portion of the Charles Dard trust property appointed by the decedent to two individuals in Article Five of her will.
The basis for the contention of the plaintiff Commissioner of Revenue Service that succession tax is due on the entire value of the Charles Dard trust property, is the portion of Conn. General Statutes Section 12-345c that provides: CT Page 3672
 . . . a decedent shall be deemed to have made a taxable transfer of any property with respect to which (a) a general power of appointment created on or before October 21, 1942, is exercised by the decedent. . . (2) by a disposition which is of such a nature that were a transfer of property owned by the decedent, such property would be taxable under the provisions of subsection (c) or (d) of section 12-341b. . . .
The plaintiff argues that the decedent's "reduction of the general power of appointment. . .to a special power of appointment while retaining the income from the trust. . . until her death is the exact situation" covered by Conn. General Statutes Section 12-341b(d) and Conn. General Statutes Section 12-345c.
Conn. General Statutes Section 12-341b(d) renders taxable transfers made "by gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor." In general, this statute applies to situations where a donor conveys property to a donee but retains possession and enjoyment of the property for himself for example by retaining a life estate), so that possession and enjoyment of the property does not vest with the donee until the time of the donor's death. See generally Heffernan v. Freedman, 177 Conn. 476, 478-79 (1979); Warner v. Heffernan, 32 Conn. Sup. 227, 230 (Super.Ct. 1975).
The portion of Conn. General Statutes Section12-345c relied upon by the plaintiff is inapplicable to the present situation because the decedent's execution of the document labeled "Plaintiff's Exhibit 2" constituted only a partial release of her power of appointment, and cannot be deemed to have in some way constituted an exercise of the power or a disposition or conveyance of the property subject to the power. Further, although it is true that the decedent retained the right to receive income from the trust property during her lifetime, this life estate is simply one of the two interests conveyed to her by the Charles Dard will, and is not some beneficial interest retained by the decedent from the power of appointment, as the plaintiff argues (Plaintiff's Brief at p. 5).
For the foregoing reasons, judgment may enter ordering and decreeing that no state succession tax is due on the value of the decedent, Elsie P. Williams' interest in the Charles Dard trust. CT Page 3673
SCHALLER, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision. Michael Kokoszka, Chief Clerk